### 39120. COLUMBUS TRANSPORTATION COMPANY v. CURRY.

DECIDED OCTOBER 26, 1961.

*Foley, Chappell, Young & Hollis,* for plaintiff in error.

*James H. Fort, J. Gordon Young,* contra.

PER CURIAM. ■ Error is assigned on two portions of the charge taken from *Gazaway v. Nicholson,* 61 Ga. App. 3 (5 SE2d 391) that it is the duty of a bus driver "to discharge a passenger at a place of safety"; and "The duty of a common carrier of passengers includes an obligation to furnish them a safe place to alight" on the ground that such language imports a standard of absolute safety, whereas the duty of the carrier is to discharge his passengers at a reasonably safe place. The first instruction contained the qualifying words, "and that duty is only satisfied if it exercises the extreme care and caution which reasonably may be expected of very prudent and thoughtful persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended." The second stated that "It is the duty of a bus driver to exercise extraordinary care to discharge a passenger at a place of safety." The instructions thus avoid the vice of the charge in *Southern Ry. Co. v. Skinner,* 133 Ga. 33 (65 SE 134), which failed to specify any degree of care on the carrier other than to discharge its passengers in a place of safety, thus making such carriers insurers of the safety of passengers, which they are not. The words "reasonably safe place," regarding the operator's duty toward the passenger, are used in *Greeson v. Davis,* 62 Ga. App.

667, 670 (9 SE2d 690); *Locke v. Ford*, 54 Ga. App. 322 (187 SE 715); *Jordan v. Wiggins*, 66 Ga. App. 534 (18 SE2d 512). As we understand all these cases, the duty of the operator to exercise extraordinary care and diligence in selecting a safe place to discharge his passengers is met when he does in fact discharge them at a reasonably safe place, and this was the intendment of the instructions. The court also charged: "Once having exercised extraordinary care for their safety, the carrier is not liable for injuries to its passengers merely because they were in its conveyance or boarding or alighting from its conveyance," and also that "the care required of the carrier is not so great as to require it to prevent injuries to passengers who are themselves negligent and heedless of their own welfare." The instructions placed no undue burden on the plaintiff in this regard.

■ The same instructions, taken from *Gazaway v. Nicholson*, supra, are complained of in part as being without evidence to support them. The duty to furnish a safe place to alight was qualified by the words "as far as that place is provided by it or is affected or conditioned by the movement of the vehicle" in ground 1, and in ground 2 appear the words, "and where a carrier deposits him at a place where it knows will reasonably expose him to unusual and unnecessary peril it may be held liable for a proximately resulting injury." It is also contended there is a lack of evidence to support the instruction quoted in special ground 4 to the effect that the relation of passenger and carrier exists until "the passenger has either alighted from the means of conveyance or has been afforded reasonable time and opportunity to do so." This language appears in *Delta Air Lines v. Millirons*, 87 Ga. App. 334, 341 (73 SE2d 598). None of these instructions were harmful to the defendant. It contends in substance that the evidence demands a finding that the operator did not know of any unusual or unnecessary peril to the passenger; that there was no question but that the plaintiff had been afforded reasonable time and opportunity to leave the conveyance, and that the place of discharge was not "affected or conditioned by the movement of the vehicle." However, as to the last instruction, the place where the passenger was discharged was affected by the movement of the vehicle in that the bus did

not stop at the corner, its usual place, but behind a truck which had the corner bus stop blocked off, and to that extent the place where the plaintiff alighted, which was in the driveway of the service station, was conditioned by the movement of the vehicle. In the instruction relating to termination of passenger status, the evidence demanded a finding that the plaintiff had left the bus when she stepped on the concrete apron of the filling station driveway and broke her legs; the part of the instruction excepted to would have terminated the relationship before the plaintiff did so if it had been applicable, and thus was favorable to the defendant. And since the rule of liability is not that the plaintiff must show *knowledge* on the part of the defendant's operator that an unsafe condition exists, but only slight negligence in depositing him at a place which will reasonably expose him to peril, this instruction too is harmless as against the movant, whether or not supported by evidence. Special grounds 1, 2 and 4 are without merit.

■ The court charged: "Before the plaintiff would be authorized to recover a verdict at your hands she must show you by a preponderance of the evidence that the defendant was not only negligent in some particular charged in the plaintiff's petition, but she must show you by a preponderance of the evidence that that negligence was the proximate cause of her injury and damage, if she was injured and damaged." He then defined what is meant by proximate cause at some length. Later in the charge the language excepted to in special ground 3 appears as follows: "The plaintiff in this case would be entitled to recover if you, the jury, find from the evidence that the defendant failed to exercise the degree of care required by law toward her relative to furnishing safe transportation and the exercise of the proper degree of care in operating the bus at the time the plaintiff was injured, unless you find that she was prevented from such recovery by some other rule of law which I give you in charge."

■ The court is not required to repeat instructions on each particular phase of the case whenever he charges an applicable principle of law. *King v. Moffett,* 104 Ga. App. 240, 242 (121 SE2d 405). The court's instruction relating to the right of

the plaintiff to recover upon proof of negligence was distinctly qualified by reference to other rules of law. Sufficient emphasis was laid on the proximate cause rule so that the jury could not have been misled into believing from the charge complained of that they could find for the plaintiff although the negligence proved was no part of the proximate cause of her injuries.

Another objection to this instruction is that it constitutes an opinion on the part of the trial court that the plaintiff was in fact a passenger on the bus at the time and place alleged. All of the evidence demanded a finding that she was such a passenger, at least until she made her exit. If she was discharged at an unsafe place and was injured as the proximate result thereof, it is immaterial that she had alighted. The duty of the carrier continues until she is out of such danger. See *Gazaway v. Nicholson*, supra. It is not cause for a new trial to express an opinion as to an uncontested and undisputed fact. *Daniel v. Charping*, 151 Ga. 34 (3) (105 SE 465).

The court further charged: "I charge you that every person is required to use ordinary care for his own safety and to avoid the consequences of the negligence of another. Applied to the present case, this rule means that, notwithstanding the duty of extraordinary care on the part of the transportation company, the plaintiff was required to exercise ordinary care for her own safety. If you should find that ordinary care would require the plaintiff to look where she was stepping and that, had she looked, she could have seen any unevenness or sloping ground which she claims caused her injuries and could have avoided falling because of the claimed condition of the ground by the exercise of ordinary care and diligence, then she could not recover, whether or not you find the transportation company to have been negligent in stopping its bus at that place. No person is entitled to place blind and absolute reliance on others to act in a proper and careful manner, but all persons are required at all times to exercise ordinary care for their own safety. Applied to this case, this rule means that the plaintiff, notwithstanding the duty of extraordinary care imposed upon the transportation company, was not entitled to rely blindly and absolutely upon the transportation company to permit her to leave the bus

at ·a safe place. She was still bound· to exercise ordinary care for her own safety, and if you should find that ordinary care would require her to look where she was stepping, then she would be guilty of negligence if she stepped without looking, and if you should find that negligence in not looking was the proximate cause of her injury, then she could not recover." The court having amply given in charge the rule of law relating to contributory negligence, the excerpt complained of in special ground 3 is not subject to the criticism that it did not again refer to this defense except by the language "unless you find she was prevented from recovery by some other rule of law which I give you in charge." Nor is the objection valid that "lack of due care on the part of the plaintiff [was a] question of fact to be determined by the jury and not question of law to be determined by the court." Questions of law are "not such as involve or imply conclusions or judgment by the court upon the weight or effect of testimony or facts adduced in the cause." *Lynch v. Southern Exp. Co.*, 146 Ga. 68, 72 (90 SE 527). Whether a lack of due care on the part of the plaintiff existed under the facts of the case was a question of fact for the jury; the result of a finding to this effect would be controlled by the rules of law given in charge by the court. Special ground 3 is without merit.

■ It cannot be said that the verdict for the plaintiff is entirely without evidence to support it. The bus was not stopped at its usual stopping place on the corner where the plaintiff, an extremely heavy woman leaving by the back door, would have been able to step on the curbing, but was stopped at a point where the exit was over a driveway entrance to a filling station. The negligence alleged was that this was not a safe and adequate place of exit. The proof showed that there was a little rise; there were some cracks in the cement; the cement "did not match up"; "there was a slant in that low place" where the plaintiff stepped off the bus, and this caused her foot to turn, throwing her to the ground, as a result of which she broke both legs. The rule stated in *Lake v. Cameron*, 64 Ga. App. 501, 505 (13 SE2d 856) as follows: "It is ordinarily a question of fact for a jury whether an owner or occupier of premises has exercised the proper care and diligence in keeping the premises

safe for those invited thereon" is equally applicable to the duty of a carrier to exercise proper care in providing a safe place to board and leave a public conveyance, but the degree of care to be exercised is greater in the latter case. This verdict is supported by some evidence, it has the approval of the trial court, and it will not be disturbed by this court.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., Frankum and Jordan, JJ., concur.*