48451. LOCKLEAR et al. v. MORGAN et al.

STOLZ, Judge. Defendants appeal from verdicts and judgments for the plaintiffs in this suit for damages tried in the Superior Court of Catoosa County. *Held:*

1. Enumerations of error 1 and 2, based on the general grounds that the verdicts are contrary to law and to the evidence, are not meritorious.

2. Enumerations of error 3, 4, 5, 6 and 7 complain of the excessiveness of the verdicts. A review of the evidence does not sustain the defendants' contentions. While the verdicts may have

been large, the court cannot say that as a matter of law they were the result of gross mistake and undue bias, or that they were shocking in a moral sense.

3. There was no error in plaintiff's counsel's stating, in his opening statement to the jury, that he expected to prove that the defendant driver was charged with the offense of driving on the wrong side of the road, pleaded guilty to that charge, and paid a fine, or in allowing proof thereof. The proofs of such facts constituted an admission against interest by the defendant and were competent evidence. *Johnson v. Curenton,* 127 Ga. App. 687, 689 (195 SE2d 279) and cit.

4. (a) Defendants' enumerations of error 10 and 11, relating to the testimony of Dr. Paul C. Thompson, are without merit. Defendants' counsel had previously stipulated Dr. Thompson's qualifications as an expert in the field of medicine. The questions objected to were proper in showing the effect any future trauma would have on plaintiff Mrs. Morgan.

(b) Enumeration of error 12 is without merit. The question propounded to the witness was not answered, and consequently the defendants suffered no harm.

(c) Defendants' enumeration of error 13, relative to plaintiff Mrs. Morgan's complaints with the physical finding of the physician, is not meritorious. In the plaintiff's pretrial memorandum, the plaintiff stated that she was suing "for pain and suffering. . . "

(d) Defendants' enumeration of error 14 is without merit. The testimony of the doctor complained of, came after extensive testimony of his finding in examining and treating plaintiff Mrs. Morgan.

5. Defendants enumerate as error the trial court's overruling their motion for mistrial directed to three portions of plaintiffs' counsel's concluding argument to the jury. The arguments complained of are quoted below: (a) "But Mr. Gleason knows, and I know, that no one knows better than he, that what he would like to do, and he knows that he has got a bad situation, he knows that he has got a lady, according to the testimony of Dr. Thompson, the eminent bone specialist, orthopedic doctor—" (b) "Mr. Gleason would be delighted in this case, he says that—I don't know, but I think so, Mr. Gleason, I have reason to think so, he would be delighted to get off in this case for fifty or sixty thousand dollars." (c) "Render such a verdict that will speak out loud, will speak out clearly, and it will be not only for the benefit of the Morgans, but be an unestimable benefit for everyone in

this county and everyone throughout the state."

After each of the foregoing portions of the argument, defendants' counsel moved the court to declare a mistrial, contending that such were improper argument and prejudicial. The trial court overruled each motion for mistrial and did not make any comment or give any instruction to the jury.

(a) "It is the province of counsel to comment upon facts in evidence, and to draw deductions therefrom in such manner as to present the case for the side he represents in its light most favorable to his case, and this right should not be unduly infringed, so long as counsel does not attempt to introduce into his argument facts not supported by evidence. *Mitchum v. State*, 11 Ga. 615, 631." *Bell v. State*, 85 Ga. App. 242, 244 (68 SE2d 925). Since, as we have held, the evidence authorized a substantial verdict for the plaintiffs, this portion of the argument complained of was supported by evidence and counsel's argument was merely his interpretation of the evidence.

(b, c) "Attorneys should be allowed all reasonable latitude in argument of cases to the jury, provided they do not go outside the facts legitimately appearing from trial, and lug in extraneous matters as if they were a part of the case." *Smith v. State*, 74 Ga. App. 777 (4) (41 SE2d 541). However, "[t]he law forbids the introduction into a case of facts which are calculated to prejudice the jury, and counsel must confine argument to facts and circumstances of a case and cannot introduce new matter in evidence for consideration of the jury by way of argument or by stating his personal belief." *Woodward v. State*, 91 Ga. App. 374 (5) (85 SE2d 723) and cit.

In *Berry v. State*, 10 Ga. 511, 522 (1851), Justice Lumpkin, speaking for the Supreme Court in a criminal case where error was assigned on the improper argument of counsel, stated: "Is it, I ask, worthy of the noblest of professions thus to sport with the life, liberty, and fortune of the citizen? A profession which is the great repository of the first talents in the country, and to whose standard the most gifted habitually flock, as offering the highest inducements of reputation, wealth, influence, authority and power, which the community can bestow. I would be the last man living, to seek to abridge freedom of speech, and no one witnesses with more unfeigned pride and pleasure than myself, the effusions of forensic eloquence, daily exhibited in our Courts of Justice. For the display of intellectual power, our bar speeches are equalled by few, surpassed by none. Why, then, resort to such

a subterfuge? Does not history, ancient and modern—nature, art, science and philosophy—the moral, political, financial, commercial and legal—all open to counsel, their rich and inexhaustible treasures, for illustration? Here, under the fullest inspiration of excited genius, they may give vent to their glowing conceptions, in thoughts that breathe and words that burn. Nay, more, giving reins to their imagination, they may permit the spirit of their heated enthusiasm to swing and sweep beyond the flaming bounds of space and time—extra flammantia moenia mundi. But let nothing tempt them to pervert the testimony, or surreptitiously array before the jury, facts which, whether true or not, have not been proven." An equally eloquent and somewhat lengthy discussion on the same point by Justice Nesbit is found in *Mitchum v. State,* 11 Ga. 615, 629 (1852).

"The profession of law is instituted for the administration of justice. The duties of the bench and bar differ in kind, not in purpose. The duty of both alike is to establish the truth and to apply the law to it. It is essential to the proper administration of justice, frail and uncertain at best, that all that can be said for each party, in the determination of fact and law, should be heard. Forensic strife is but the method, and a mighty one, to ascertain the truth and the law governing the truth. It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and the right, and outside of the principal object of his profession, when he travels out of his client's case and assumes to supply its deficiencies. Therefore it is that the nice sense of the profession regards with such distrust and aversion the testimony of a lawyer in favor of his client. It is the duty and right of counsel to indulge in all fair argument in favor of the right of his client; but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case. Properly, prejudice has no more sanction at the bar than on the bench. But an advocate may make himself the alter ego of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary, as far as they rest on the facts in his case. But he has neither duty nor right to appeal to the prejudice, just or unjust, against his adversary, and dehors the very case he is to try. The very fullest freedom of speech, within the duty of his profession, should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and

outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument. But, like other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts, in jury trials, to interfere in all proper cases, of their own motion. This is due to truth and justice. And if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court." *Augusta & S. R. Co. v. Randall,* 85 Ga. 297, 320 (11 SE 706) (1890). See also *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602 (6) (125 SE2d 556); *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384).

The complaints of defendants' counsel directed to the arguments quoted in (b) and (c) hereinabove, are meritorious and require the grant of a new trial.

6. There was no error in allowing plaintiffs' collective exhibit No. 6, consisting of (a) the citation given the defendant driver, (b) the criminal warrant charging the defendant driver with the offense of driving on the wrong side of the road, and (c) the defendant driver's plea of guilty to that offense. The collective exhibit was a properly authenticated record from the Court of Ordinary of Catoosa County, Georgia, and as such admissible in evidence. Code §§ 38-601, 38-602, and 38-206. Any irregularity relative to the exhibit would go to the weight given the exhibit by the jury and not its admissibility.

7. Defendants' complaint of the trial court's instructing the jury on the doctrine of emergency where there was no plea of emergency or contentions in the pleading or evidence that emergency was involved, lacks merit. Even if defendants' contentions are correct, the error would be harmless and not require the grant of a new trial.

8. Defendants enumerate as error the failure of the trial court to give their requests to charge 11, 12, 13, 14, 15, 16, and 17. The requests were "approved in substance by the trial judge" and given in substance to the jury. Defendants contend that they should have been given in the language requested. A review of the requests and the charge of the trial court, reveals that the principles of law contained in the aforesaid defendants' requests to charge were more clearly and succinctly stated by the trial judge in his charge to the jury than in the request to charge.

Hence, no error was committed by the trial judge.

9. The portion of the trial judge's charge to the jury complained of in defendants' enumeration of error 22, is a correct statement of the law and was adjusted to the evidence. As heretofore noted, and expressed in the trial judge's charge, the defendant Locklear's plea of guilty to driving on the wrong side of the road constituted an *admission* that he was negligent. However, this admission was only a circumstance to be considered along with other evidence in the case by the jury. The fact that the Sheriff of Catoosa County disclaimed his signature on the warrant, would not make the defendant Locklear's *admission* inadmissible in evidence, but would go to impeach the validity of the disposition of the criminal charge.

10. Defendants' enumerations of error 23, 24 and 25 complain of the trial judge's charge to the jury regarding plaintiff Mr. Morgan's case for loss of his wife's consortium. A review of the transcript shows that counsel did not make an objection to this portion of the charge prior to the jury's returning its verdict and consequently it is not subject to review by this court. Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

For the reasons set forth in Division 5, the case is reversed and remanded to the trial court for a new trial.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 20, 1973 — REHEARING DENIED OCTOBER 2, 1973 — 

*Frank M. Gleason, Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellants.

*Cook & Palmour, A. Cecil Palmour, Morgan, Garner & Wood,* for appellees.