## 65857. METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY v. SHEPHERD.

BANKE, Judge.
This is the second appearance of this case before us. See *Shepherd v. Metro. Property & Liability Ins. Co.,* 163 Ga. App. 650 (294 SE2d 638) (1982). Shepherd began this action to recover bad faith penalties and attorney fees because of Metropolitan's alleged refusal to pay his claim for a fire loss to his home. This appeal concerns only Metropolitan's counterclaim for approximately $86,000 in insurance benefits which it paid to Shepherd's mortgagees because of the same fire loss. Metropolitan contends that Shepherd either set the fire himself or had some one else do it and that he was

guilty of fraud or misrepresentation in his application for insurance; however, the jury found in favor of Shepherd. *Held:*

1. Metropolitan's initial contention is that the trial court erred in refusing to allow evidence of other fires involving property owned by Shepherd. However, Metropolitan's offer of proof does not show either that these previous fires were of incendiary origin or that Shepherd was responsible for them but instead shows merely that Shepherd sustained three previous compensable fire losses. The first involved a grocery store fire in Macon, which Shepherd said had resulted from one of eight or nine firebombing incidents during a period of civil unrest in the Macon area in 1971. The second involved a grocery store which burned in Cochran, Georgia, in either 1975 or 1976. Shepherd testified that this store was destroyed when an entire shopping center burned down, and there was no indication that the fire originated in his store. The third loss occurred when his automobile was stolen from his Macon home in either 1976 or 1977 and was found burned in Roberta, Georgia.

"Questions of relevancy of evidence, which includes the issue of materiality, are for the [trial] court, and in the absence of an abuse of judicial discretion, this court will not interfere." *MacNerland v. Johnson,* 137 Ga. App. 541 (1) (224 SE2d 431) (1976). "[B]road discretion is reposed in the trial court whose decision will not be disturbed except in cases demonstrating a clear abuse of that discretion." *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353, 355 (274 SE2d 738) (1980). "The rule is usually stated that the judge may exercise his discretion in excluding relevant evidence if he finds that 'its probative value is substantially outweighed by the risk that its admission will . . . create substantial danger of undue prejudice or of confusing the issues or of misleading the jury . . .' " Agnor's Georgia Evidence § 10-2, p. 164.

In view of the appellant's failure to make any showing that the three previous fires at issue in this case were of incendiary origin or that they were attributable to criminal conduct on the part of the appellee, the trial court did not abuse its discretion in disallowing the evidence.

2. Pursuant to a motion in limine, the trial court restricted appellee's counsel from establishing that no criminal charges had been brought against Shepherd as a result of the fire. In closing argument, however, counsel nevertheless referred to the fact that the arson investigator did not charge anyone with arson. This argument was based on the investigator's testimony at trial that he had found no evidence of arson. Assuming *arguendo* that this argument violated the trial court's order, we do not find the violation cause for the grant of a new trial, as the court gave curative instructions requested by

Metropolitan, and Metropolitan made no subsequent objection or motion for mistrial. See *Turner v. Wilmouth,* 161 Ga. App. 2 (3) (288 SE2d 839) (1982).

3. In closing argument, counsel for Shepherd commented on the fact that Metropolitan's expert witnesses had been paid to testify. Metropolitan objected on the ground that there was no evidence to support such a comment. It appears, however, that there was evidence that these experts were hired to investigate the fire and to testify as to their findings. This enumeration of error is consequently without merit.

4. Metropolitan complains that the trial court erred in allowing the appellee to demonstrate for the jury the burning of a piece of carpet taken from the house. The basis of the objection was that the conditions were dissimilar to those existing at the time of the fire in that 2-1/2 years had elapsed since the fire, and the carpet used in the demonstration was not in the same condition. In matters concerning demonstrations such as this, the trial court has broad discretion. *Blount v. Moore,* 159 Ga. App. 80 (282 SE2d 720) (1981). We find no abuse of that discretion in this case.

5. Metropolitan also enumerates as error the fact that the trial court allowed the demonstration to commence several minutes before its lead counsel arrived. However, the attorney's co-counsel was present throughout the demonstration, and the lead counsel himself arrived in time to cross-examine Shepherd's expert about the experiment. Furthermore, no ruling by the trial court was invoked on this issue, by motion for mistrial or otherwise. This enumeration of error is without merit.

6. We have carefully considered appellant's other enumerations of error and find them to be without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED APRIL 18, 1983 —

*E. Bruce Benton,* for appellant.
*James A. Parker, W. Alford Wall,* for appellee.