67791. RUTLEDGE v. COLONIAL FINANCIAL SERVICE, INC.

McMurray, Chief Judge.

In an action filed on April 18, 1983, Lizzie Mae Rutledge, as plaintiff, brought this action for damages against Colonial Financial Service, Inc. for wrongful foreclosure as to her property whereby she was dispossessed from her house and suffered other losses. Her pleadings did not disclose a description of her property.

The defendant answered denying the complaint, admitting only jurisdiction and setting forth in defense thereof that the plaintiff had executed a deed to secure debt in favor of Vinylgrain Industries of Georgia, Inc. on or about February 10, 1978, in a certain sum. Defendant further set forth that said deed had been duly transferred and assigned by the grantee to it on February 22, 1978, conveying its interest in said deed to secure debt. It was also set forth that the plaintiff defaulted in September of 1978, and defendant accelerated the indebtedness and did foreclose pursuant to the powers of sale authorizing the sale of said property in the event of default, advertising the same in February of 1979 and same was sold in front of the courthouse as required by law. Another defense offered by the defendant was that plaintiff's claims are barred by virtue of the doctrine of res judicata, collateral estoppel and estoppel by judgment in that the plaintiff has already litigated the same claim or causes of action in a different claim or cause of action heretofore, and all issues which could have been raised in such prior litigation had been considered adversely to plaintiff.

The defendant moved for summary judgment attaching a certified copy of an order by and between the same parties which occurred in the Municipal Court of Columbus by consent, agreement and stipulation of the parties, dated January 16, 1981, stating that the court had litigated and granted a writ of possession in favor of Colonial Financial Service, Inc. (plaintiff in that proceeding) against Lizzie Mae Rutledge (the defendant therein), and awarded a sum of $484 representing all sums paid by the defendant (Rutledge) into the registry of the court to be paid to the plaintiff as rental; and upon the tender and acceptance of such sum "all matters in regard to the above cap-

tioned action [Colonial Financial Service, Inc. v. Lizzie Mae Rutledge] which were or may have been put in issue shall be fully adjudicated, concluded and terminated of whatsoever kind and nature as if trial by jury had been had as prescribed by law." An earlier order in that case (certified by the deputy clerk of said court) set forth a finding of fact by the trial court with reference to an executed deed to secure debt by the defendant (Rutledge) in favor of Vinylgrain Industries of Ga., Inc. in the sum of $4,188.24 as recorded in a certain deed book and page of the Muscogee County records, thereafter conveyed and assigned and transferred by Vinylgrain Industries of Ga., Inc. to Colonial Financial Service, Inc., also recorded in a certain deed book and page. It was further set forth, as a finding of fact, that said deed to secure debt was subordinate to a first lien or deed to secure debt from the defendant (Rutledge) to the Administrator of Veterans' Affairs as recorded and assigned to another, and the defendant having defaulted in the payment of such deed to secure debt the plaintiff Colonial Financial Service, Inc. accelerated the indebtedness, and did, pursuant to the power of sale authorizing said sale, advertise and sell same before the courthouse door in Muscogee County. As additional findings of fact, the order reflected that the defendant (Rutledge) had continued to remain in possession of said premises despite said foreclosure requiring the plaintiff to make payments on the first lien to preclude foreclosure of the first mortgage; pursuant to a dispossessory action duly served upon the defendant, the plaintiff was given a writ of possession; thereafter plaintiff's motion to dismiss defendant's answer and/or to compel defendant to pay into court a reasonable rental came on for a hearing, and after a full hearing the defendant (Rutledge) was divested of her interest in and to said property.

In the case sub judice, defendant Colonial Financial Service, Inc.'s motion for summary judgment or in the alternative a motion to dismiss came on for a hearing and based upon the certified copies of two orders (September 5, 1980, and January 16, 1981), which constituted the judgments of the Municipal Court of Columbus, the court found that the doctrine of collateral estoppel or estoppel by judgment, as well as that of estoppel which arises from solemn admissions in judicio preclude the plaintiff from relitigating the same issue which was litigated in the municipal court and also precludes her from taking the position inconsistent with those stipulations to which she was a party in such prior action and to which she is bound in the within action. The motion for summary judgment was granted in favor of the defendant against the plaintiff, and the plaintiff's complaint was dismissed. Plaintiff appeals. *Held*:

1. Plaintiff's first enumeration of error is that the trial court erred in considering the certified copies of the orders in the case from the Municipal Court of Columbus. We find no merit in this com-

plaint. See *Kiker v. Pinson*, 120 Ga. App. 784 (1), 785 (172 SE2d 333). Such evidence may be considered in a summary judgment proceeding. Further, the documents were exemplified by the deputy clerk of that court, and under OCGA § 24-7-20 (formerly Code § 38-601) same may be considered as primary evidence under OCGA § 24-5-20 (formerly Code § 38-602).

2. The remaining enumeration of error is that the trial court erred in granting the motion for summary judgment. Here plaintiff sued for wrongful foreclosure. In opposition thereto defendant sought to establish that the issues sought to be litigated were merely relitigation of the same issues from the municipal court, attaching orders to establish same. However, the only evidence we have that it involves the same property which was foreclosed on is from the defendant's answer which refers to certain deed books and pages of the documents describing the property which likewise is found in the orders as to the municipal court case. But we find no evidence establishing that the alleged wrongful foreclosure involved the same property as that litigated in the municipal court. While plaintiff argues at great length that the issue of title was not properly before the municipal court and was not binding on the plaintiff, the record before us does not even establish that it is one and the same property for which the wrongful foreclosure is brought. We do not pass upon the question of whether or not that court had jurisdiction of the subject matter and was, therefore, conclusive, or inconclusive as set forth by the plaintiff, citing *Delta Air Lines v. Woods*, 137 Ga. App. 693 (224 SE2d 763), affirmed in *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376). We simply hold that the records from that court failed to establish that the alleged foreclosure and issues in the municipal court involve the same property as the alleged wrongful foreclosure for which this suit seeks judgment in damages. On summary judgment, the burden is on the movant to conclusively negate at least one of the essential elements entitling the plaintiff to recover under every theory fairly drawn from the pleadings and evidence. *Werbin & Tenenbaum, Inc. v. Heard*, 121 Ga. App. 147 (2, 3), 148 (173 SE2d 114); *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551, 552 (181 SE2d 866); *Burnette Ford, Inc. v. Hayes*, 124 Ga. App. 65 (183 SE2d 78). The evidence here did not demand the judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 15, 1984.

*James A. Elkins, Jr.*, for appellant.
*Jacob Beil*, for appellee.