## 75964. ORKIN EXTERMINATING COMPANY, INC. v. FLOWERS.
### (370 SE2d 29)

SOGNIER, Judge.

George Flowers brought suit against Orkin Exterminating Company seeking damages for Orkin's fraudulent concealment and negligent inspection in regard to a termite inspection report issued by Orkin. The jury returned a verdict of $1,150 in actual damages, $10,000 in attorney fees and $20,000 in punitive damages in favor of Flowers. Orkin appeals from the trial court's denial of its motion for a new trial or judgment notwithstanding the verdict.

The evidence adduced at trial by appellee revealed that in 1982 appellant's employee, Alfred Doucette, prepared a wood infestation inspection report or "clearance letter" on a house appellee had contracted to purchase. The clearance letter contained the statement "that a qualified inspector employed by this firm has conducted a careful visual inspection of the readily accessible areas" of the subject house. The findings in the clearance letter indicated no active infestations of any sort, but reported visible evidence of a previous infestation and structural damage caused by subterranean termites. A diagram, referenced by the clearance letter as being "an integral part of this report," was attached to indicate "location of visible evidence of infestation and/or structural damage as keyed." The diagram indicated old damage caused by subterranean termites at the bottom of a door frame. The diagram also pictured a box with six "x's" but it is uncontroverted the "x's" represented entry to the crawl space under

the house, and not the existence of any termite damage there.

Appellee thereupon purchased the house and assumed the seller's contract with appellant for prevention and treatment of the house. After living in the house for several years, appellee contracted to sell the house in 1986 and in preparation for the closing, obtained a second wood infestation inspection report from appellant. Although the 1986 clearance letter again revealed only that previous infestation and structural damage caused by termites was present in the house, the extent of the damage, as diagrammed in the attached graph, indicated far more extensive damage throughout the crawl space of the house than had been indicated on the 1982 clearance letter diagram. There was evidence that when appellee, thinking the more extensive damage had been caused between 1982 and 1986, sought to make a claim for the termite damage, an agent of appellant told appellee's attorney that appellant could "get in line" with his claim. Subsequently, appellee learned that the damage reflected in the 1986 report had preexisted the 1982 report and indeed had existed prior to 1952, a fact known to appellant's agents at the time the 1982 clearance letter was issued. Doucette, who made the 1982 report, testified that when he made the inspection, he was not a licensed termite technician, and that he had not examined any of the crawl space under the house, which both he and another witness testified was essential to proper inspection of a house. Although Doucette testified he had placed a note on the diagram stating he had not been able to inspect under the house, the evidence established that prior to the delivery of the clearance letter the note had been removed by appellant with no comparable notation to that effect anywhere else on the report. Doucette also testified that upon informing his supervisor of his inability to inspect under the house, his supervisor had urged Doucette to copy the diagram in the 1952 inspection of the house, which Doucette refused to do.

1. Appellant contends the trial court erred by denying its motions for a new trial and judgment n.o.v. because there was no evidence of fraudulent concealment to support the award of punitive damages, no evidence of bad faith or stubborn litigiousness to support the award of attorney fees, and no evidence to support appellee's claim for negligent inspection. "In reviewing the overruling of motions for . . . judgment n.o.v., the appropriate standard to be utilized is the any evidence test. [Cits.]" *Meadows v. Douglas County Fed. &c. Assn.*, 169 Ga. App. 150, 152 (5) (312 SE2d 169) (1983). "Further, as regards the review of an order from a motion for new trial, '(o)ur responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies but merely to determine if there is sufficient evidence to authorize the trial court's judgment.' [Cit.]" *Ballenger Corp. v. Dresco &c. Contractors*, 156 Ga.

App. 425, 429-430 (274 SE2d 786) (1980). Under the facts set forth in detail above, we find there was more than sufficient evidence to support every aspect of appellee's claim and thus the trial court did not err by denying appellant's motions for a new trial or judgment n.o.v.

2. Since the record clearly reveals that the actual damages sought by appellee did not include any sums for the repair of the termite damage identified in the diagram of the 1982 clearance letter, we find no merit in appellant's final enumeration of error.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 27, 1988.

*Richard P. Decker, Jay M. Barber, Ronald W. Self*, for appellant.
*Robert C. Martin, Jr.*, for appellee.