A90A0017, A90A0209. MILAM v. ATTAWAY et al.; and vice versa.
(393 SE2d 753)

COOPER, Judge.

This appeal (Case No. A90A0017) and cross-appeal (Case No. A90A0209) arise out of a trespass action brought by The 344 Gwinnett County Joint Venture (the "Joint Venture"), appellee/cross-ap-

pellant herein, against appellant, Douglas Milam. Susan Milam, appellant's wife and record owner of the property, was added as a party-defendant and is cross-appellee herein.

Appellee, contending that appellant trespassed by constructing a roadway across its property to the adjacent property owned by cross-appellee; that no road had previously existed thereon; and that appellant further trespassed by improving and widening a drainage ditch across the property, brought this action seeking damages and an injunction. Appellant answered by asserting that a private right-of-way had existed on the property and that appellant had gained private and prescriptive rights to the right-of-way. Subsequently, both parties' pleadings were amended to assert counter *"Yost v. Torok"* claims for attorney fees and expenses of litigation. See *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The court issued an interlocutory order allowing appellant's continued use of the disputed roadway for access, allowing appellant to place gravel along the disputed roadway upon posting a cash bond with the court, and restraining all further use and improvement of appellee's property. A consolidated pre-trial order was agreed to by the parties and, after a trial, a jury verdict was rendered for appellee against both defendants in the amount of $3,984.75 in damages and $21,015.25 in expenses of litigation, and no award was made for punitive damages. The trial court rendered judgment on the verdict and further ordered that "there is no road, right-of-way or easement, public or private" across appellee's property. Appellant's motion for a new trial was denied, and the motion for judgment notwithstanding the verdict was granted as to cross-appellee but denied as to appellant. In the main appeal, appellant asserts several enumerations of error regarding the denial of j.n.o.v. by the trial court as to appellant, the award of attorney fees, charges made to the jury, refusal to admit certain evidence and language of the final order of the trial court. In its cross-appeal, appellee/cross-appellant asserts an enumeration of error regarding the grant of j.n.o.v. by the trial court as to cross-appellee.

## I.

### Case No. A90A0017

1. Appellant first enumerates error in the trial court's denial of the motion for j.n.o.v. as to appellant. " 'In reviewing the overruling of motions for . . . judgment n.o.v., the appropriate standard to be utilized is the any evidence test. [Cits.]' 'Further, as regards the review of an order from a motion for new trial, "(o)ur responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies but merely to determine if

there is sufficient evidence to authorize the trial court's judgment." [Cit.]' " *Orkin Exterminating Co. v. Flowers*, 187 Ga. App. 270 (1) (370 SE2d 29) (1988). We have carefully reviewed the trial transcript, depositions and evidence submitted on the damages awarded to appellee. The appellee introduced several witnesses who testified that no roadway existed prior to appellant's work on the property. Exhibits and documentary evidence were introduced to support appellee's case. Appellee's witness testified to the jury that no notice was given to appellant that the roadway was to be closed because appellee did not consider a roadway to exist. Contrary to appellant's assertions, the effect of the interlocutory order was explained to the jury by the court. Issues of credibility are for the jury to determine. *Ailion v. Wade*, 190 Ga. App. 151 (4) (378 SE2d 507) (1989). Therefore, as to the damages awarded to appellee, we find ample evidence to support the jury's verdict and the trial court did not err in denying the motions for new trial and j.n.o.v. as to such damage award.

2. In his second enumeration, appellant argues that the trial court erred in failing to grant a j.n.o.v. as to the award of attorney fees and expenses. We agree and reverse. The consolidated pre-trial order entered into by the parties, which controls the issues to be argued at trial (*Hawkins v. Richardson-Merrell, Inc.*, 147 Ga. App. 481 (2) (249 SE2d 286) (1978)), states that the jury is to determine "the amount of damages to be awarded as a result of the stubborn litigiousness of the defendants, *pursuant to the Plaintiffs' "Yost v. Torok" claim* (emphasis supplied)." The order also stated that the appellees sought $50,000 in damages *in their counter "Yost v. Torok" claim*. It is clear in the pre-trial order that the damages for stubborn litigiousness were sought to compensate appellee for defending against the appellant's "Yost" claim, and that appellees' prayer for fees and expenses comprised their own "Yost" claim. The trial transcript reveals that the appellee waived its own "Yost" claim in open court and that no further hearings on either "Yost" claim were conducted. Notwithstanding this waiver, the jury was charged as to attorney fees without objection from appellant. However, since the only basis for the stubborn litigiousness asserted by appellee was appellant's "Yost" claim, which was never litigated, and since appellee's counter "Yost" claim was waived, there is no evidence to support the award of attorney fees. " 'When . . . the only asserted basis for a recovery of attorney fees is . . . stubborn litigiousness . . . , there is not "any evidence" to support an award pursuant to [OCGA § 13-6-11] if a bona fide controversy clearly exists between the parties.' " *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746 (1) (365 SE2d 540) (1988). From our review of the record, genuine disputes on trespass, prescription and existence of a roadway clearly existed between the parties. "In our opinion, the evidence does not authorize a finding

by the jury that the defense of the action brought [constituted stubborn litigiousness]. That is, the evidence shows a reasonable defense, a bona fide controversy, as a matter of law. [Cits.]" Id. Therefore, the portion of the judgment awarding attorney fees and expenses of litigation is reversed.

3. Error is asserted with regard to several jury charges in the third enumeration. There was no objection made to the court's failure to charge appellant's request regarding OCGA § 44-9-56 (notice required if a private roadway is closed); consequently, the issue was not preserved for appeal. *Henderson v. Glen Oak, Inc.*, 179 Ga. App. 380 (4) (346 SE2d 842) (1986). Further, the failure to give such instruction did not work a gross injustice so as to deprive appellant of a fair trial, pursuant to OCGA § 5-5-24 (c), especially since the existence of the roadway was continually disputed at trial. Second, appellant's assertion of error on the court's prescription charge is without merit. The court's charge on prescription and tacking was a clear, complete and accurate statement of the law. "A requested charge is properly refused when 'the principle involved (is) substantially covered in the court's general charge. . . .' " *Shaw v. McDonald's Restaurants of Ga.*, 191 Ga. App. 583 (2) (382 SE2d 632) (1989). The issue on attorney fees is addressed in Division 2. Appellant's requested charge based on *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457 (249 SE2d 281) (1978), was not adjusted to the evidence and properly refused by the court. *Fowler v. Gorrell*, 148 Ga. App. 573 (2) (a) (251 SE2d 819) (1978). Further, any error was waived since no objection was made.

4. Appellant asserts that error occurred when the trial court refused to admit as evidence a map of the property, even though the pre-trial order stipulated that "maps of the subject property" were to be admitted without proof of authenticity. A colloquy at trial between the trial court and counsel revealed that the court determined the language of the pre-trial order to be too broad and decided that exhibits could not be admitted if opposing counsel could genuinely claim surprise, notwithstanding the language of the order. The interpretation of the pre-trial order was within the discretion of the trial court and the record does not indicate that the discretion was abused. See *Ambler v. Archer*, 230 Ga. 281, 287-288 (196 SE2d 858) (1973).

5. Appellant's final enumeration asserts that the trial court erred in formulating the judgment to state that in addition to the monetary awards, no easements or rights-of-way existed on appellee's property. The trial transcript reveals that appellant's trial counsel specifically consented to such a judgment in open court. Consequently, this enumeration was not preserved for appeal. See *Ennis v. Ennis*, 207 Ga. 665 (2) (63 SE2d 887) (1951).

## II.

### Case No. A90A0209

6. Based upon the holding in *Centennial Ins. Co. v. Sandner, Inc.*, 259 Ga. 317 (380 SE2d 704) (1989), the cross-appellee's motion to dismiss the cross-appeal is hereby denied.

Cross-appellant's sole enumeration of error in the cross-appeal that the trial court erred in granting j.n.o.v. as to S. Y. Milam is without merit. Upon review of the record, we find no evidence to support the jury's verdict that S. Y. Milam trespassed upon cross-appellant's property as alleged and caused damage thereto. *Orkin Exterminating Co.*, supra at Division 1. Cross-appellant presented no evidence at trial to support the direct liability of S. Y. Milam for the actions alleged, either as a participant in the alleged trespass or under a theory of agency. As a result of our decision herein, it is unnecessary to address the cross-appellee's argument that venue as to S. Y. Milam was improper.

*Judgment affirmed in part, reversed in part in Case No. A90A0017. Judgment affirmed in Case No. A90A0209. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 2, 1990.

*Raiford, Dixon & Thackston, Tyler C. Dixon*, for appellant.
*Jerry L. Stepp, Weeks & Chandler, Leslie W. Wade*, for appellees.