## A90A1913. HUNTER v. HARDNETT.
(405 SE2d 286)

ANDREWS, Judge.

Hardnett sued Hunter for damages he sustained in an automobile collision, alleging that Hunter negligently failed to yield the right-of-way at a stop sign. Hunter appeals from judgment entered on the jury verdict in favor of Hardnett.

1. Hunter contends the trial court erred by admitting the plaintiff's evidence of a traffic citation issued against him in conjunction with the accident. The citation charged Hunter with failing to yield the right-of-way at the stop sign. Prior to trial, Hunter moved in limine to exclude this evidence on grounds that it was ambiguous and subject to being construed in a way that would render it prejudicial and inadmissible.

There are blocks on the reverse side of the citation for indicating the disposition of the charge against the accused. A block noting entry of a guilty plea by Hunter was checked, and a block indicating Hunter was found guilty by the municipal court was also checked. In a civil action for damages arising from a vehicular collision, an adjudication of guilt by a traffic court that the defendant was in violation of a law alleged to be the proximate cause of the plaintiff's injuries is inadmissible as irrelevant and immaterial, but a plea of guilty is admissible as an admission against interest. *Smith v. Goodwin*, 103 Ga. App. 248, 249 (119 SE2d 35) (1961); *Akin v. Randolph Motors*, 95 Ga. App. 841, 848 (99 SE2d 358) (1957).

In testimony proffered at the pre-trial motion in limine and at trial, Hunter denied that he pled guilty to the citation. A certified copy of the citation showing both the guilty plea and the finding of guilt was introduced pursuant to OCGA § 24-7-20, as primary evidence under OCGA § 24-5-20. *Rutledge v. Colonial Fin. Svc.*, 170 Ga. App. 317, 318-319 (316 SE2d 867) (1984); see also *Ferrell v. State*, 149 Ga. App. 405, 408 (254 SE2d 404) (1979) (traffic citation best evidence of its contents).

Though ambiguous and subject to conflicting interpretations, the citation was relevant if interpreted by the jury as a plea of guilty by Hunter. Evidentiary questions as to relevancy are generally for the court, but when the relevancy or competency of evidence is doubtful, the jury should be allowed to consider the facts, draw its own inferences, and assign such weight to the evidence as it may determine under appropriate instructions. *Department of Transp. v. Delta Machine Prod. Co.*, 157 Ga. App. 423, 425-426 (278 SE2d 73) (1981). In *Locklear v. Morgan*, 129 Ga. App. 763, 767-768 (201 SE2d 163) (1973), an exhibit consisting of the related traffic citation, criminal warrant, and plea of guilty was admitted into evidence as an admission in a subsequent civil damages action arising out of the traffic

offense. Although the sheriff disclaimed his signature on the warrant, we held that "[a]ny irregularity relative to the exhibit would go to [its weight] and not its admissibility," and "[t]he fact that the [sheriff] disclaimed his signature on the warrant, would not make the [plea] inadmissible in evidence, but would go to impeach the validity of the disposition of the criminal charge." Id. at 767-768. Even though a defendant may deny he made the admission, "whether he did is a question of fact for the jury, [and] it is not for the trial court to determine the credibility of the evidence or its weight, but only its competence." (Citations omitted.) *Cannon v. Rithmire*, 156 Ga. App. 360, 362 (274 SE2d 746) (1980).

Relevant evidence may be excluded, in the discretion of the judge, where the court finds that " 'its probative value is substantially outweighed by the risk that its admission will . . . create substantial danger of undue prejudice or of confusing the issues or of misleading the jury. . . .' [Cit.]" 166 Ga. App. 300, 301 (304 SE2d 74) (1983). The decision of the trial court will not be disturbed except in cases of a clear abuse of discretion. Id. at 301. In the instant case there was no substantial danger of undue prejudice or confusion, and the trial court properly admitted the exhibit for the jury's determination of whether Hunter had in fact pled guilty, and thus made an admission against interest. The trial court correctly denied Hunter's motion in limine.

After the trial court charged the jury that there was evidence of a plea of guilty by Hunter, which could be considered as an admission, it would have been appropriate to charge that, if the jury concluded no guilty plea was entered, they should disregard the citation, but in the absence of any such request or objection to its omission, there is no basis for reversal on this ground. *Morris v. Delong*, 183 Ga. App. 124, 125 (358 SE2d 285) (1987); OCGA § 5-5-24 (a). Although the charge respecting the citation was not precisely adjusted to the evidence, the trial court gave the charge requested by Hunter, which informed the jury that evidence of the plea was not conclusive of the issues before it, and the court otherwise fully instructed the jury on the general principles of negligence. *Morris v. DeLong*, supra; OCGA § 5-5-24 (a). Under these circumstances we find the exception of OCGA § 5-5-24 (c) inapplicable since even if Hunter did not acquiesce in the failure to charge, (see *Bell v. Samaritano*, 196 Ga. App. 612-613 (396 SE2d 520) (1990)), the charge as given did not amount to substantial error harmful as a matter of law. *Milam v. Attaway*, 195 Ga. App. 496, 499 (393 SE2d 753) (1990).

2. In his second enumeration, Hunter claims the trial court erred by charging the jury on loss of earning capacity when there was no evidence to support the charge. Loss of earning capacity, when sought as a separate element of damages, refers to the pecuniary loss result-

ing from a diminished capacity to earn money in the future because of a permanent impairment, and requires evidence from which the jury can reasonably determine the amount of the resulting loss. *Leggett v. Benton Bros. &c.*, 138 Ga. App. 761, 764-765 (227 SE2d 397) (1976); *Augusta v. Drawdy*, 75 Ga. App. 543, 547 (43 SE2d 569) (1947). The plaintiff introduced evidence that he suffered from a permanent disability as a result of the accident, but there was no evidence from which the jury could have determined the monetary amount of any resulting loss in earning capacity.

Where there is no evidence from which a jury can reasonably calculate the monetary loss resulting from the permanent impairment, loss of earning capacity may be sought, not as a separate element of damages, but as an element of pain and suffering. *Jones v. Hutchins*, 101 Ga. App. 141, 147 (113 SE2d 475) (1960); *Hunt v. Williams*, 104 Ga. App. 442, 451 (122 SE2d 149) (1961); *Michaels v. Kroger Co.*, 172 Ga. App. 280, 283 (322 SE2d 903) (1984). In the instant case, the court charged the jury that "in considering damages for pain and suffering, you may consider the following: loss of impairment or of Plaintiff's powers or faculties, *loss of earning capacity*, any decrease in Plaintiff's ability to work, and any damage to the Plaintiff's body." This was the court's only charge on loss of earning capacity. Since loss of earning capacity was classified as an element of pain and suffering there was no error.

3. In enumeration of error number three, Hunter claims the jury instructions given on impairment of the plaintiff's ability to work were confusing and prejudicial. The record reveals Hunter failed to object to any charge on this ground, which generally results in a waiver of any defects (OCGA § 5-5-24 (a)), except where the charge is substantially erroneous and harmful as a matter of law. OCGA § 5-5-24 (c); *Morris*, supra at 125. We find no such substantial error in these charges.

4. Hardnett's motion for damages for frivolous appeal under OCGA § 5-6-6 is denied.

*Judgment affirmed. Sognier, C. J., McMurray, P. J. Banke, P. J., Birdsong, P. J., Pope and Cooper, JJ., concur. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent, as I do not concur in Division 1.

When counsel argued appellant's motion in limine at the commencement of the trial, it had not been established in either the pleadings or in discovery whether or not Hunter had in fact pled guilty to the charge. His counsel made a proffer of Hunter's anticipated testimony, stating that it would show he had in fact not pled guilty. He argued that the traffic citation was inadmissible because it

would show he had not pled guilty or at best was ambiguous and did not show what it was offered to show, that he had pled guilty. He maintained that a conviction in the absence of a plea of guilty is inadmissible, which is eminently correct. *Pierce v. Pierce*, 241 Ga. 96, 100 (3) (243 SE2d 46) (1978).

Hardnett countered that the certified copy of the conviction was the best evidence of it, so that explanatory hearsay testimony would be inadmissible. Although it was authenicated evidence of *conviction*, it was offered to show what that conviction was based on; as to that fact it was neutral, no more establishing that the basis for the conviction was a guilty plea than that it was a finding of guilt. The trial court reasoned that the ambiguity in the document was no reason to hold it inadmissible. It ruled that the traffic citation was admissible if it was explained through the testimony of witnesses.

At trial, Hunter testified without contradiction that he had not pled guilty to the traffic charge in municipal court. No evidence tending to show that he had pled guilty, so that the document could be construed as a record of such, was ever offered. Thus the ambiguous document was never made competent evidence. There was no foundation laid for its admissibility. It was only admissible if it was evidence of a guilty plea, and the cupboard was bare of any ingredients for such a finding. Although it was an authentic document and thus the best evidence of the municipal court record as such, it was not competent evidence of the fact it was offered to show, i.e., that Hunter had pled guilty. It was simply inconclusive.

The trial court charged the jury that there was evidence of a plea of guilty by him, which is admissible as an admission. The trial court did not charge the jury that an adjudication of guilt in the absence of a guilty plea is inadmissible. The real problem is that the court gave to the jury the judicial task of making an evidentiary ruling. Before the document could be admitted into evidence as competent, the court would have had to find that it represented a guilty plea. Because of the ambiguity, it could not do so. That did not pave the way for the jury to do so either; it could not logically find that the document was competent evidence of a guilty plea. There was no evidence with which to resolve the ambiguity in favor of such a finding. Yet the court permitted it to do so.

The trial court's denial of appellant's motion in limine and allowing the non-probative evidence constituted error which was harmful by its nature and requires reversal. It presented appellant with a Hobson's choice. If appellant had indeed pled guilty to the traffic charge in municipal court, it would have constituted an admission of liability. But he maintained that he did not plead guilty, and he did not wish to let the jury make the inculpatory finding without at least contradicting the inadmissible evidence. Appellant was thus com-

pelled to testify that he had not pled guilty, thereby resolving the ambiguity and establishing the probative value of the document he rightfully sought to preclude. However, it was thus made probative of a fact which was inadmissible.

The question, to be answered affirmatively apart from the question of relevancy, was whether the document was admissible. The document was never shown by its profferer to be admissible, i.e., that it memorialized a guilty plea. Allowing the jury to determine its admissibility, a legal question, meant that if the jury decided it was inadmissible, it then had to consciously and subconsciously take the difficult step of ignoring the conviction. This step likely faced the jury, because there was *no* evidence to resolve the ambiguity in favor of its recordation of a guilty plea, while on the other hand there was affirmative evidence that it was not such.

Relegating the threshold judicial task to the jury infected its deliberations with inadmissible evidence which was highly prejudicial to defendant.

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 29, 1991 —

*W. Allen Evans*, for appellant.
*Law Offices of Sam G. Nicholson, Kenneth M. Nimmons, Oscar H. Allen*, for appellee.