A91A0893. MATTOX v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(409 SE2d 267)

BIRDSONG, Presiding Judge.

Naomi Mattox appeals from the final judgment entered in favor of appellee and denying appellant's motion for new trial.

Appellant was a regular rider of MARTA for two-and-one-half years prior to the incident. She was injured when, after she boarded the train, her foot became lodged in the approximate 3-3/4 inch "gap" between the side of the train and the platform. *Held:*

1. In this state, a common carrier of passengers is not an absolute and unqualified insurer of the safety of its passengers. Rather, "[a] carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers but is not liable for injuries to them after having used such diligence." OCGA § 46-9-132.

"[O]n appeal, we must construe the evidence most strongly to support the jury verdict and the judgment" (*Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 639 (2) (385 SE2d 746)); likewise, in considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 184 (129

SE2d 408). The standard for review of a directed verdict and a judgment n.o.v. are the same: "Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554). And, " '[t]he standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard.' " *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6).

"It is ordinarily for the jury to determine whether the performance or non-performance of a specific act is in compliance with the duty imposed on a carrier by the provisions of [OCGA § 46-9-132] as to the exercise by it of extraordinary care and diligence. [Cit.] What facts suffice to show the exercise of such extraordinary diligence is ordinarily for the jury." *Modern Coach Corp. v. Faver*, 87 Ga. App. 221, 229 (2) (73 SE2d 497). "The rule . . . '[i]t is ordinarily a question of fact for a jury whether an owner or occupier of premises has exercised the proper care and diligence in keeping the premises safe for those invited thereon' is equally applicable to the duty of a carrier to exercise proper care in providing a safe place to board and leave a public conveyance, but the degree of care to be exercised is greater in the latter case." *Columbus Transp. Co. v. Curry*, 104 Ga. App. 700, 706 (4) (122 SE2d 584). And where the "verdict is supported by some evidence . . . it will not be disturbed by this court." Id. We find that the posture of the evidence in this case did not demand a verdict in favor of appellant, and that the trial court did not err in denying appellant's motion for directed verdict and in submitting the issue of appellee/defendant's liability to the jury. Compare *Brooks v. Washington &c. Auth.*, 861 F2d 1282 (USCA 11th Cir.); *Owens v. Washington &c. Auth.*, CA No. 87-3392 (USDC D.C., March 6, 1990); *Sledd v. Washington &c. Auth.*, 439 A2d 464 (DCCA). Appellant's first and second enumerations of error are without merit.

2. Appellant's third enumeration of error is without merit. Appellant's requested charge number 16, as crafted, was overly broad and confusing. "If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper." *Llop v. McDaniel, Chorey &c.*, 171 Ga. App. 400, 403 (4) (320 SE2d 244). Moreover, the trial court charged the jury that "[o]nce it is shown that a passenger was injured in the process of boarding the train, a presumption arises that MARTA was negligent, and the plaintiff is entitled to recover all of the damages which were proximately caused by such negligence. This presumption may be rebutted by showing that MARTA was at all times in the exercise of extraordinary care or by proving any other defense of the defendant." See generally *Piller v. Hanger Cab Co.*, 115 Ga. App. 260, 263 (2) (154 SE2d 420); *Eason*

*v. Crews*, 88 Ga. App. 602, 613 (1) (77 SE2d 245). " 'A requested charge is properly refused when "the principle involved (is) substantially covered in the court's general charge. . . ." ' " *Milam v. Attaway*, 195 Ga. App. 496, 499 (3) (393 SE2d 753).

3. Appellant's fourth enumeration of error is without merit. The trial court instructed the jury regarding the duty of a carrier of passengers to "exercise extraordinary diligence to protect the lives and persons of [the carrier's] passengers" (OCGA § 46-9-132), and precisely defined extraordinary diligence as follows: "the extraordinary diligence due by a carrier of passengers to those passengers is that extreme care and caution which very prudent and thoughtful persons exercise under like circumstances." This instruction substantially covered the legal principles contained in requested charge number 11. *Milam*, supra.

4. Appellant's contention that the trial court erred in refusing to give its requested charge number 12 is without merit. The first paragraph of appellant's requested charge number 12 is both confusing and misleading, particularly as it states "[t]he law does not fix an exact or a precise definition of . . . extraordinary diligence" when the charge given the jury contained a precise definition of extraordinary diligence as above discussed. " ' " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper.' (Cits.)" (Cits.)' [Cit.]" (Emphasis supplied.) *Annis v. Tomberlin &c. Assoc.*, 195 Ga. App. 27, 34 (7) (392 SE2d 717); accord *Llop*, supra.

5. The first paragraph of appellant's request to charge number 13 was substantially covered by the trial court's charge to the jury regarding MARTA's duty to exercise "extraordinary diligence," by its definition of the term "extraordinary diligence," and by its charge as to the arising of a rebuttable presumption of negligence when it is shown a passenger was injured in the process of boarding the train. Regarding the second paragraph of the requested charge, that portion thereof relating to circumstances where "MARTA has not allowed a passenger a sufficiently reasonable time and opportunity to enter the train without danger" neither was reasonably raised by the evidence nor tailored thereto. Appellant in effect testified she had entered the train without incident, but then for some reason unknown to her, suddenly found her leg lodged within the gap. Only speculation unsupported by fact appears in the record regarding what caused appellant's leg to become so lodged, as appellant admitted repeatedly during her trial testimony that she did not know how the incident occurred. As a portion of the charge was inapt, the trial court did not err in declining to give the requested charge to the jury. *Annis*, supra; *Llop*, supra.

6. The trial court did not err in declining to give appellant's request to charge number 20. The trial court charged the jury that negligent or wrongful acts may be established either by direct or circumstantial evidence. The court further charged that "[i]n order for a party to be liable for negligence, it is not necessary that the party should have been able to anticipate the particular consequences which have resulted. It is sufficient if in ordinary prudence that party might have foreseen that some injury would result from the party's act or omission or that consequences of a generally injurious nature might result." This latter charge is virtually identical to appellant's request to charge number 8. Appellant's request number 20 appears to be but a particularized application of the broad principles of foreseeability and proof of an ultimate issue by circumstantial evidence. Cf. *Renner v. State*, 260 Ga. 515, 518 (3b) (397 SE2d 683) (flight charge as a particularization of a general charge on circumstantial evidence). Assuming arguendo error occurred in failing to give appellant's charge request number 20, it was harmless, as the jury was charged regarding the basic legal principles underlying this particularized charge request.

7. While it would not constitute error to refuse to charge the jury regarding accident (*Benson v. Hunter*, 184 Ga. App. 40 (360 SE2d 612)), neither under the facts of this case was it error to so charge the jury (see *Smoky, Inc. v. McCray*, 196 Ga. App. 650 (5) (396 SE2d 794)). " 'The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*.' " *Pitts v. Bode*, 198 Ga. App. 787, 789 (3) (403 SE2d 66). In this case, appellant's own admissions in court establish that she does not know exactly what caused her to fall into the gap. A finding of negligence on the part of appellee, assuming arguendo it was authorized by the evidence, certainly was not demanded. (See Division 1 above.) Accordingly, the trial court did not err in giving a charge on the defense of legal accident. *Whitehead v. Coffey*, 198 Ga. App. 587 (402 SE2d 311).

8. As a general rule, the admission of evidence is a matter which rests largely within the sound discretion of the trial court (*West v. Nodvin*, 196 Ga. App. 825, 826 (2b) (397 SE2d 567)). " 'Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.' " *West*, supra at 828 (3b). The trial court did not abuse its discretion by admitting the testimony of appellee's engineering expert regarding the practice he observed of several other transit systems not posting warning signs regarding platform gaps. Additionally, appellant has failed to provide any citation of legal authority to support this particular enumeration of error. "The persuasiveness of appellant's asser-

tion of error, unsupported by any citation of legal authority, is far from apparent on its face, as it is a general rule under Georgia law, that [if evidence is admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories (see *Orr v. Dawson Tel. Co.*, 35 Ga. App. 560 (2) (133 SE 924)); and, evidence of doubtful relevancy or competency should be admitted (*West*, supra)]. This court indulges in the presumption that the trial court's decision is correct, and decisions will not be reversed on argument of error not supported by authority, if authority is available, unless error is apparent without further research. In the case before us, the error is not apparent without further research, accordingly, we presume the trial court has not erred." (Citations, punctuation and emphasis omitted.) *Hertz Corp. v. McCray*, 198 Ga. App. 484, 487 (4) (402 SE2d 298).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 11, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 —

*Glenville Haldi*, for appellant.
*Anthony M. Thomasson, Daniel P. Johnson*, for appellee.