22451.   CARSELLO v. THE STATE.
22452.   COOPERMAN v. THE STATE.

ARGUED APRIL 14, 1964—DECIDED JUNE 8, 1964.

*Smith, Gardner, Kelly & Wiggins,* for plaintiffs in error.

*Maston O'Neal, Solicitor General, Eugene Cook, Attorney General, William L. Harper, Alfred L. Evans, Jr., Assistant Attorneys General,* contra.

GRICE, Justice. Mike Carsello and Harold Cooperman were jointly indicted by the grand jury of Dougherty County for giving money to a person acting for and on behalf of the State to induce that person to violate his lawful duty.

The indictment, omitting formal parts, charged that the two defendants, in that county on a named date, "did then and there give money to Marion Daniels, a special agent of the Revenue Commissioner of the State of Georgia, acting for and on behalf of the State of Georgia in an official function, to induce said Daniels to illegally furnish revenue tax stamps to Central Distributors, the holder of a whiskey wholesaler's license, to mislay and destroy records of the Revenue Commissioner concerning monthly reports of wholesale sales by said Central Distributors, to omit to do his lawful duty in arresting and prosecuting said accuseds and other employees of said Central Distributors for violations of the laws of Georgia, and to illegally transport whiskey to Coffee County, Georgia, said acts and omissions being in violation of the lawful duty of the said Marion Daniels. . ."

The defendants filed identical demurrers and motions to quash that indictment, based upon both constitutional and nonconstitutional grounds. Also, they made motions to suppress evidence. All of the demurrers and motions were overruled and denied. Those rulings are assigned as error here.

The statute upon which the indictment is predicated is Ga. L. 1959, § 18, pp. 34, 40 (*Code Ann.* § 26-5020).

The title of that Act is in the following language: "An Act to make it a crime: To improperly influence legislative action; to deal with the State, directly or indirectly, while acting as an officer, employee, or agent of the State; to accept remunerations in addition to compensation provided by law while acting as

an officer, employee, or agent of the State; to embezzle or convert public money or records; to convert the property of another while acting as an officer, employee or agent of the State; to fail to fully account for public money; to misuse public funds or property while acting as a custodian; to accept kickbacks from public employees; to make false statements and entries in public records; to make false acknowledgements or appearances or oaths; to wrongfully use the seal of the State, or any agency thereof; to make false certificates and false statements; to trade in public property while a public officer; and to prohibit conspiracies and restraint of free and open competition in transactions with the State; to enforce the separation of powers provisions in the Constitution of the State; to prohibit the offering or accepting of anything of value to influence members of the executive branch of government, the legislative branch of government, or the judicial branch of government; and for other purposes."

Section 18 of such Act, under which the defendants were indicted, provides as follows: "Whoever promises, offers, or gives any money or thing of value, or makes or tenders any check, order, contract, undertaking, obligation, gratuity, or security for the payment of money or for the delivery or conveyance of anything of value to any officer or employee or person acting for or on behalf of the State of Georgia, or agency thereof, in any official function, under or by authority of any such agency or to any officer or person acting for or on behalf of either house of the General Assembly, or of any committee of either house; or both houses thereof, with intent to influence his decision or action on any question, matter, cause, or proceeding, which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud on the State of Georgia, or to induce him to do or omit to do any act in violation of his lawful duty, shall be guilty of a felony. . ."

As we assess the attacks made here it is necessary to rule upon only one, that the foregoing Section 18 contravenes Art. III, Sec.

VII, Par. VIII of the State Constitution (*Code Ann.* § 2-1908), which provides that "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof."

The thrust of this attack is that while the title of this Act prohibits the offering or accepting of anything of value to influence *"members* of the executive branch of government, the legislative branch of government, or the judicial branch of government," Section 18 of the body of the Act does not restrict such prohibition to "members" of those branches of government, but includes "any *officer or employee or person* acting for or on behalf of the State of Georgia, or agency thereof, in any official function, under or by authority of any such agency," and thus contains matter different from what is expressed in the title. (Emphasis ours.)

This attack must be sustained.

As its history shows, the purpose of the Constitutional provision sought to be invoked is protection against surprise or fraudulent matter in the body of an Act, of which the title gives no intimation. *Howell v. State,* 71 Ga. 224, 227 (51 AR 259). Therefore, in considering this attack, the question is whether the language of the title gives notice of what the body of the Act contains.

In our view, the title language "to prohibit the offering or accepting of anything of value to influence *members* of the executive . . . , the legislative . . . , or the judicial branch of government" does not give notice that the body of the Act prohibits such acts with reference to *"any officer or employee or person* acting for or on behalf of the State of Georgia, or agency thereof, in any official function, under or by authority of any such agency *or* . . . *any officer or person* acting for or on behalf of either house of the General Assembly, or of any committee of either house; or both houses thereof. . ." (Emphasis ours.)  In the first place, we do not construe the word "members" to have such a broad, all-inclusive meaning.  In the second place, since the legislature had several times earlier in this title used the broad language "any officer, employee or agent of the State," its use in the portion under consideration here of

different language, "members" of the three branches of government, indicates different persons than any officer, employee or agent of the State.

This construction accords with the well established rule that when a criminal statute is reasonably subject to two constructions, one of which would make an act criminal and one of which would not, such statute must be construed in favor of the accused and strictly against the State.

We therefore hold that Sec. 18 of Ga. L. 1959, pp. 34, 40, violates Art. III, Sec. VII, Par. VIII of the State Constitution (*Code Ann.* § 2-1908) in that it contains matter different from what is expressed in the title of the Act.

In view of the above ruling, it is not necessary to pass upon the other grounds of the demurrers and motions to quash or the motion to suppress evidence.

*Judgment reversed. All the Justices concur, except Almand and Mobley, JJ., who dissent.*

ALMAND, Justice, dissenting. I cannot agree to the ruling that Sec. 18 of Ga. L. 1959, pp. 34, 40 contains matter different from what is expressed in the title. The term "members of the executive branch of government" in the caption is broad and comprehensive enough to cover any officer, agent, or employee acting for and on behalf of the State as provided for in Sec. 18 of the Act. Members of the legislative department are those provided in the Constitution to *make* laws; members of the judicial department are those who *construe* and *interpret* the Constitution and laws. The members of the executive department are charged with the duty of *executing* the laws, and this includes not only the Governor and executive departments named in the Constitution but also includes all officers and agents who execute or administer the laws. If an officer or agent is not a member of either the legislative or the judicial department, he must of necessity be classified as a member of the executive department of government. People v. Salsbury, 134 Mich. 537 (96 NW 936). In State v. Womack, 4 Wash. 19 (29 P 939) it was held that a member of a board of education was an executive officer within the meaning of a statute which made it a criminal offense to offer a bribe to any executive officer. See also State v. Gardiner, 88

Minn. 130 (92 NW 529); Ex Parte Preston, 72 Tex. Cr. App. 77 (161 SW 115).

Mobley, J., concurs in this dissent.