## 62483. FOLSOM v. VANGILDER.

DEEN, Presiding Judge.

Vangilder entered into a contract to purchase a 1/2 interest in a worm farm owned by Folsom and his brother-in-law, Richards, an employee of Vangilder. The purchase price was $24,020, and was to be paid by a cash payment of $5,500 and a promissory note in the amount of $18,520. Three installment payments were made on the note totaling $2,130. Folsom brought an action to recover the balance due on the note after appellee refused to make further payments. Vangilder counterclaimed contending that the plaintiff and Richards had fraudulently conspired to cause him to purchase Folsom's interest. The jury awarded Vangilder $7,630 on his counterclaim. Folsom appeals claiming it was error to deny his motion for a directed verdict at trial and his motion for a j.n.o.v. *Held:*

In ruling upon these motions, this court must construe the testimony most favorably to the party opposing the motion for a directed verdict. *Isom v. Schettino,* 129 Ga. App. 73 (199 SE2d 89) (1973). In this case, the jury could find that a conspiracy existed between Folsom and Richards to defraud Vangilder. The two men were related by marriage as well as partners in the worm farm. Richards handled the sale of the farm and informed the appellee that he could purchase Folsom's interest for $24,020 and that $7,500 was required as a down payment with the balance to be covered by a promissory note. When Vangilder informed him that he could raise only $5,500 in cash, Richards offered to pay the remaining $2,000.

Folsom testified that the $2,000 paid by Richards was not in connection with the sale of the worm farm but rather he was cashing a check for Richards. The check, however, bears the notation "Prtl. payment on worms." The appellee also testified that the worm farm was represented to him by Richards to be a profit-making operation and that an unbreakable contract existed to purchase all of the worms that the farm could produce. While Folsom made no representations as to the profit-making ability of the farm, he did nod his head in agreement with statements made by Richards. An examination of the record shows that it contains all of the elements for an action for fraud as set forth in *Cosby v. Asher,* 74 Ga. App. 884 (41 SE2d 793) (1947). Judge Clark's expression contained in *Bailey v. Todd,* 126 Ga. App. 731, 742 (191 SE2d 547) (1972), appears applicable here: "The ancient (Coke[1] upon Littleton, 226) Latin legalese has here been fulfilled: 'veredictum, quasi dictum veritatis; ut judicium, quasi juris dictum' (a verdict is, as it were, the expression of truth; as a judgment is, as it were, the expression of the law)." The trial court did not err in denying the motion for a directed verdict or for a judgment notwithstanding the verdict.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 7, 1981.

*Richard C. Sutton, R. Rucker Smith, Timothy A. McCreary, Kevin S. King,* for appellant.
*Paul Hawkins,* for appellee.

---

[1] Sir Edward Coke (1552-1634), described in Encyclopedia Britannica as "the greatest common law lawyer of all time," was responsible for *Shelley's* Case (1 Rep. 94) the rule of which has since plagued law students. Recommended reading is the biographical volume entitled "The Lion and the Throne" by Catherine Drinker Bowen.