42881. MOORE et al. v. ALLEN et al.

(339 SE2d 243)

MARSHALL, Presiding Justice.

The plaintiffs-appellees, Ted and George Allen, owned lots in Tugaloo Bay Subdivision at Lake Hartwell. Defendant-appellant Moore, another property owner in the subdivision, erected a commercial-grade chain-link fence around his lot, which lot he leased or rented to defendant-appellant Tupper, who commenced to display and sell trucks and heavy equipment on the property. The Tugaloo Bay Property Owners Association notified Moore by letter that his use of his lot violated the subdivision's restrictive covenants No. 2 (residential use only) and No. 3 (noxious or offensive trade or activity prohibition). Moore contended that his lot was not included within the subdivision's restrictions, so the plaintiffs sued Moore and Tupper to enjoin the conduct of the commercial activity and mandate the removal of the metal fence. The trial court submitted the issue of the intention of the developers to a jury. The defendants appeal from a verdict and judgment for the plaintiffs, granting the injunction. The appellants enumerate as error the denial of their motion for directed verdict at the close of the evidence.

The appellants contend that a marina is shown on the subdivision plat as being within the subdivision although it violates the residential restriction. However, there was evidence that the marina is not a part of the subdivision, but was purchased by defendant-appellant Moore and his brother prior to the drawing of the final of three subdivision plats, which shows the marina to be *outside* the subdivision and Moore's tract to be *inside* it.

The president of the original developer, Gene White, testified that he understood that the covenants bound all the property shown on that plat as within the subdivision, and that he never intended that heavy equipment be sold on the property in question. White's deposition and his testimony at the trial show that defendants' Exhibit No. 9 (a "clarification" of the covenant for the subdivision) was a self-serving document prepared for this litigation by the defendants' agents, purporting to be from the developer corporation by White as president, when in fact that corporation had been acquired by the National Bank of Georgia (NBG) (at whose insistence White had left

the developer in 1976) six years previously.

The plaintiffs-appellees testified that they had purchased their property in reliance on the restrictive covenants, and that they were unable to sell their property, even at a price which was less than their investment therein. On cross-examination, defendant Moore identified his deed from NBG containing reference to the restrictive covenants, and testified that there have been no modifications of the covenants by the property owners association as the covenants existed at the time of the development of the subdivision. Both defendants testified of their intention to continue to use the property as a sales area for heavy equipment.

"OCGA § 9-11-50 (a) provides in pertinent part that '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom shall demand a particular verdict, such verdict shall be directed.' In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. *Folsom v. Vangilder*, 159 Ga. App. 844 (285 SE2d 583) (1981). The standard used to review the grant or denial of a directed verdict is the 'any evidence' test. *Ga. Dept. of Human Resources v. Montgomery*, 248 Ga. 465 (284 SE2d 263) (1981)." *Skelton v. Skelton*, 251 Ga. 631, 633 (4) (308 SE2d 838) (1983).

Although the evidence in the instant case is conflicting, there is sufficient evidence under the "any evidence" rule from which a reasonable trier of fact could find that the intention of the developers was to include the property in question within the subdivision and subject to its residential restrictions. It was therefore not error for the trial court to deny the appellants' motion for a directed verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*Andrew J. Hill, Jr., Robert E. Ridgway, Jr.,* for appellants.
*Charles D. Strickland,* for appellees.