# IN THE MATTER OF JAMES WOODROW LEWIS.
## (SUPREME COURT DISCIPLINARY No. 768)
### (415 SE2d 173)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against James Woodrow Lewis charging him with violations of Standards 3, 4, 28, 30, 45 (d) and 45 (e) of State Bar Rule 4-102. Following limited discovery and prior to any evidentiary hearing, the State Bar and Lewis filed cross-motions for summary judgment. The special master granted to Lewis partial summary judgment on the charges alleging violations of Standards 4 and 28 and granted to the State Bar partial summary judgment on the charges alleging violations of Standards 30 and 45 (d). The review panel of the state disciplinary board adopted the special master's findings and found also that Lewis had violated Standard 45 (e).

We are limited to the record before this court, which is based on a summary proceeding. The parties have not taken depositions or presented evidence at a hearing before the special master. The State Bar contends, and Lewis concedes, that he engaged in sexual intercourse with a client. Lewis contends that he had a sexual relationship with the individual concerned several years before she became his client. He further contends that he accepted representation as a service for a friend, with no expectation of receiving a fee and without any demand of personal favors, and that the relationship was consensual through its entire existence. He insists also that his conduct has not affected adversely his client's cause, as the trial court awarded her custody of her child. He supports his contentions with an affidavit from his client's sister, who also states that her sister continued to see and telephone Lewis after he no longer represented her in the divorce action. The State Bar counters that the client objected to the sexual

activities.

1. This proceeding is the first time that we have considered whether a lawyer who has a sexual relationship with a client should be disciplined. Standard 30 provides:

> Except with the written consent or written notice to his client after full disclosure a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interests.

Notwithstanding the many circumstances that are in sharp dispute, Lewis acknowledged that he had engaged in sexual intercourse with a client while representing her in a contested divorce and custody action. Thereby — under the circumstances of *this* case — he has admitted to violating Standard 30, in that "his professional judgment on behalf of his client will be or reasonably may be affected by his own . . . personal interests."[1] In the context of an action for divorce and custody, that conduct in se is a violation of Standard 30. Every lawyer must know that an extramarital relationship can jeopardize every aspect of a client's matrimonial case — extending to forfeiture of alimony, loss of custody, and denial of attorney fees. Thus, where, as in this case, there has been no testimony and no findings to resolve disputed factual contentions, the admission by Lewis of sexual intercourse with this client authorized the entry of summary judgment against him on the charge brought under Standard 30.

2. The same admission warrants summary judgment adverse to Lewis as to Standard 45 (d) and 45 (e).[2] Lewis' admission establishes without issue that he participated with "his client in conduct that the lawyer knows to be illegal" and that Lewis did "knowingly engage in . . . conduct contrary to a disciplinary rule."

3. As sanction for these violations — based upon Lewis' admission as to a single factual matter — we order that he be suspended from the practice of law for a period of three years.[3] Additionally, we direct that Lewis notify his clients of this action and take all actions

---

[1] A literal reading of Standard 30 might be interpreted to authorize similar conduct upon the written notice to or consent of a client. Nothing in the record intimates the existence of such a writing. We need not concern ourselves with a bizarre hypothesis that leads to the absurd.

[2] Standard 45 states: "In his representation of a client, a lawyer shall not: . . . (d) counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent; [or] (e) knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule."

[3] We do not accept the review panel's recommendation of disbarment. While the violation of these standards may be grounds for disbarment, we decline to hold that every lawyer who has an extramarital sexual encounter with a client must be disbarred. In this regard, see note 4 below.

necessary to protect their respective interests as required by State Bar Rule 4-219 (c).

4. (a) The special master and the review panel denied the State Bar's motion for summary judgment on the charge that Lewis violated Standard 3, which prohibits a lawyer from engaging in illegal professional conduct involving moral turpitude. Both the special master and review panel rejected the State Bar's argument that it had established as a matter of law that Lewis extracted sexual conduct from his client as a condition of his legal representation.[4] We agree that the affidavits create genuine issues of material fact concerning the crucial questions of whether Lewis made an inappropriate bargain with his client, i.e., services for sex, and whether he coerced his client into having sexual intercourse as a condition for his continued legal representation.

(b) Hence, these issues are not now before us, and their resolution must await the completion of further proceedings before the special master, in which testimony may be heard from Lewis and his client. We will accord to members of the State Bar of Georgia one of the guarantees that American jurisprudence traditionally has extended to the basest of common criminals: the right to be heard.

5. We note that subsequent proceedings may be completed in the usual manner and subjected to final review well within the three-year suspension period. Hereafter, should the special master or the review panel find it appropriate, recommendations as to additional discipline, including disbarment, may be submitted in the regular order.

*Suspended for three years. All the Justices concur, except Clarke, C. J., Benham and Sears-Collins, JJ., who would order disbarment.*

BENHAM, Justice, dissenting.

I would follow the recommendation of the Review Panel and disbar James Woodrow Lewis.

I am authorized to state that Chief Justice Clarke and Justice Sears-Collins join in this dissent.

DECIDED MARCH 13, 1992.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of

---

[4] Were these contentions established as fact, they would demand, of course, serious consideration of disbarment. That is not the case, however. There has been no testimony, for example, to establish that the videotape recording proffered by the State Bar depicts Lewis' client. The want of an evidentiary hearing and the absence of findings of fact militate against the grant of the State Bar's motion for summary judgment.