. A94A1785. CARDEN v. BURCKHALTER et al.

(448 SE2d 251)

Birdsong, Presiding Judge.

Windel Carden filed this action seeking contribution against alleged joint tortfeasors Georgia Power Company ("Georgia Power") and its driver Lenwood Burckhalter, for injuries to Ricky Barnes. In January 1990, Carden's vehicle collided with Burckhalter's Georgia Power truck and Burckhalter's truck then collided with Ricky Barnes. In February 1990, Carden's insurer, Georgia Farm Bureau Insurance Company ("Farm Bureau"), issued checks for $2,303.28 and $399 in property damage to Georgia Power and A1 Body & Frame Shop; Carden did not give written consent to the settlement agreement between his insurer Farm Bureau and Georgia Power. Ricky Barnes then sued Carden, Burckhalter and Georgia Power. In November 1992, Carden's insurer, Farm Bureau, paid Ricky Barnes $25,000 for bodily injury. However, Carden says Farm Bureau never consulted him about this settlement or notified Georgia Power of his lack of consent to it.

In this suit, Carden asserts that Burckhalter's negligence caused their collision and also caused Burckhalter's collision with Ricky Barnes. Carden contends Georgia Power and Burckhalter are jointly and severally liable for a contribution of one-half of the $25,000 paid by Farm Bureau to Ricky Barnes. Carden filed a motion in limine to exclude evidence of Farm Bureau's property settlement to Georgia Power; he conceded that this suit is filed under Farm Bureau's rights of subrogation in his policy to recover amounts paid on his behalf, because he "has a responsibility to cooperate in collecting the money paid" and "to seek recovery from the joint tortfeasors under the policy contract." He asserted that by paying the property settlement to Georgia Power, his insurer Farm Bureau acted as an independent contractor (see OCGA § 33-7-12); thus, its property damage settlement with Georgia Power without his written consent does not preclude his claim for contribution from Georgia Power of money paid by Farm Bureau to Ricky Barnes and should not be admitted in evidence in this suit. The trial court denied Carden's motion in limine.

At trial, Georgia Power and Burckhalter moved to dismiss this suit on grounds of accord and satisfaction, contending that Farm Bureau's payment of Georgia Power's property damage amounts to an admission that Carden was at fault. After presentation of evidence, the trial court ruled: "This is not a case for contribution. . . . By acknowledging [Georgia Power's property] claim, [Farm Bureau] acknowledged its liability to [Georgia Power] and to its driver Burckhalter and that the payments made by [Farm Bureau] to [Georgia Power] . . . were a settlement of [an unquestioned] claim on certain terms. . . . Georgia Farm Bureau's payment to [Georgia Power]

acted as an admission of liability and accord and satisfaction of all claims between these parties."

Carden contends he can assert this claim for contribution because OCGA § 33-7-12 allows an insured to assert claims when the insurer's settlement of claims was without his consent. Appellees contend the trial court's finding of an accord and satisfaction is supported by sufficient evidence. *Held*:

1. (a) Appellees contend the standard for review of a grant of motion to dismiss is whether the ruling is supported by "any evidence," because in *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) the court held that if the grant " 'is authorized for any reason' " it must be affirmed. However, the rule that a judgment right for any reason must be affirmed is not the same thing as the "any evidence" rule. It is not realistic to suggest that "any evidence" will uphold a finding that a plaintiff is " ' "entitled to no relief under any state of facts which could be proved in support of his claim." ' " Id. See OCGA § 9-11-14 (a) and (b).

(b) In the same vein, appellees contend this dismissal is really a grant of directed verdict at trial, which must be affirmed because the trial court was "authorized" to find Carden admitted liability and because there is "sufficient evidence" of accord and satisfaction. Appellees contend the appellate court "should apply the directed verdict/ motion to dismiss [non-jury trial] standard which this court described in *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759 (409 SE2d 852): ' " 'The standard of appellate review of the trial court's denial [*or grant*] of a motion for directed verdict is the "any evidence" standard.' " [Cit.]' *Foreman v. Eastern Foods*, 195 Ga. App. 332, 333 (393 SE2d 695)." (Emphasis supplied). This misquotes both *Southern Gen. Ins. Co.* and *Foreman*, supra. It is misleading to use brackets to add substantive legal language which does not appear in the case quoted.

A directed verdict is authorized only when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). A *grant* of directed verdict is a ruling that the evidence and all reasonable deductions therefrom *demand* a particular verdict. OCGA § 9-11-50 (a). It is illogical to say such a finding will be upheld if there is "any evidence" to support it. A grant of directed verdict can be upheld only where we determine that *all* the evidence demands that verdict. This requires a de novo review. It was said in *Ga. Dept. of Human Resources v. Montgomery*, 248 Ga. 465, 466 (284 SE2d 263) that "[i]n Georgia, the standard used to review the grant or denial of a directed verdict is the 'any evidence' test"; however, this was used to explain "substantial evidence" and it was dictum. Also, the case cited for the proposition, *Speir v. Wil-*

*liams*, 146 Ga. App. 880 (247 SE2d 549), never made it. A "rule" that the standard for review of the *grant* of directed verdict is the "any evidence" test is often either quoted in dictum (e.g., where the review is of a denial of directed verdict) or is not used in the sense advocated by appellees. See *Norfolk Southern Corp. v. Smith*, 262 Ga. 80, 84 (414 SE2d 485); *Emory Univ. v. Levitas*, 260 Ga. 894, 897 (401 SE2d 691); *Southern R. Co. v. Lawson*, 256 Ga. 798-799, 800 (1) (a) (353 SE2d 491); *Moore v. Allen*, 255 Ga. 430 (339 SE2d 243); *Skelton v. Skelton*, 251 Ga. 631 (308 SE2d 838); *Hixson-Hopkins Autoplex v. Custom Coaches*, 208 Ga. App. 820 (432 SE2d 224). See also *Atkinson v. Allstate Ins. Co.*, 182 Ga. App. 50 (354 SE2d 866), which involved a *denial* of directed verdict. It is correct to say that a directed verdict cannot be granted if there is "any evidence" *to support a contrary verdict*, but there cannot be "some evidence" that all the evidence demands a particular verdict.

2. The trial court heard evidence and concluded "there is no merit in an action for contribution in this case and the same [is] dismissed in its entirety." The trial court's ruling that the claim cannot be maintained is correct as a directed verdict, though not for the reasons given.

(a) All the evidence introduced demands a verdict in appellees Georgia Power's and Burckhalter's favor on a claim for "contribution" by Carden. Carden has made no payment to Barnes. This is a subrogation claim made for Farm Bureau. Under OCGA § 33-7-12, Farm Bureau cannot preclude Carden from asserting "a claim" or defense against Barnes, Georgia Power, or Burckhalter; but "a claim" refers to a claim of the *insured*, not to a subrogation right of the insurer. This subrogation claim is not a claim of the insured, but is a claim of the insurer.

(b) Furthermore, Farm Bureau has no right of subrogation because it did not make a payment to Barnes as insurer or agent of the insured under Carden's policy. Even if that payment operated to discharge (or to assume) Farm Bureau's duty under the policy, Farm Bureau acted only as an independent contractor, according to § 33-7-12 (a). The policy permits Farm Bureau to settle claims without Carden's consent, but the effect of such settlement is governed by statute. Under OCGA § 33-7-12 (a), a provision which permits the insurer to compromise claims or defenses of the insured without his consent *"shall be deemed to create . . . the relationship of an independent contractor."* (Emphasis supplied.) The designation in OCGA § 33-7-12 of Farm Bureau as "independent contractor" establishes as a matter of law that its payment made without Carden's written consent was not made as his insurer under the policy of insurance.

Indeed, Farm Bureau is in no position to contend it paid Barnes under Carden's insurance policy, for the release it took from Barnes

states: "In taking this release, [Farm Bureau] is acting as an independent contractor and not as an agent of any party released hereby other than itself."

(c) Further, OCGA § 33-7-12 was enacted to protect the insured (*Jefferson Mills v. Gregson*, 124 Ga. App. 96 (183 SE2d 529)) and is in derogation of common law and must be strictly construed. Construing the statute strictly, a payment made by an "independent contractor" is not made "under the policy." Carden concedes that Farm Bureau's subrogation rights arise only as to payment made "under this policy," and OCGA § 33-7-12 establishes that the payments to Georgia Power for property damage and to Carden were made by an independent contractor, not "under this policy."

(d) Finally, although appellant does not cite to us the language of the property damage checks issued to Georgia Power by Farm Bureau (see Court of Appeals Rule 15), an admission of Carden's liability for damage to Georgia Power's vehicle is not necessarily an admission of Carden's liability, or accord and satisfaction, for the third party's (Barnes') personal injury. In any case, it could not bind Carden individually, for it was made without his consent. OCGA § 33-7-12.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 22, 1994.

*Fain, Major & Wiley, Charles A. Wiley, Jr., David W. Williams*, for appellant.

*Foster & Foster, Larry A. Foster, John A. Kimbell*, for appellees.