## S93Y1869. IN THE MATTER OF THOMAS EDWARD TANTE IV.
### (453 SE2d 688)

PER CURIAM.

This disciplinary action concerns whether Thomas Edward Tante IV violated any standard of conduct in engaging in a sexual relationship with a mentally and emotionally impaired client. We hold that Tante violated Standard 28 by using his client's confidences and secrets to her disadvantage and for his advantage and order his suspension from the practice of law in Georgia for 18 months.

The State Bar of Georgia filed a formal complaint against Tante, alleging that he violated Standards 28 and 45 of State Bar Rule 4-102. After an evidentiary hearing, the special master concluded that Tante had violated Standard 28, but not Standard 45. He found that Tante entered into a sexual affair with Laura Herring while representing her in seeking social security disability benefits. The special master also found that Herring was not capable of understanding or anticipating the consequences of her behavior when the affair began and that Tante knew at that time that she was not "normal." The special master made no recommendation about the level of discipline. The review panel of the state disciplinary board adopted these findings, concluded that Tante abused the confidences and secrets of an impaired client in violation of Standard 28, and recommended an 18-month suspension from the practice of law.

Standard 28 provides:

> (a) Except when permitted under Standard 28 (b) below, a lawyer shall not knowingly:
>
> > (1) use a confidence or secret of his client to the disadvantage of his client;
> > (2) use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

Subsection (c) defines a "secret" as "other information gained in the professional relationship that the client has requested to be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client."

We conclude that Tante violated Standard 28 (a) (1) by using the medical and psychological evaluations of Herring to her disadvantage. In his letter brief to the administrative law judge written during the same month that their sexual relationship began, Tante argued that his client was unable to work due to her memory impairment, restrictions on daily activities, difficulties with social functioning, deficiencies in concentration, and lack of mental capacity for any substantial

gainful employment. Despite this knowledge, Tante encouraged his client to enter into an extramarital relationship which he knew, or should have known, would be detrimental to her emotional health, marriage, and family relationships.

Tante also violated Standard 28 (a) (2) by using the confidential information about Herring's emotional state and marital difficulties to initiate the sexual relationship for his own satisfaction. Although he argues that Herring consented to the relationship,[1] the special master and review panel found that she could not consent due to her inability to comprehend the consequences of her behavior.[2] By misusing the confidences of Herring and failing to exercise his professional judgment solely for her benefit, Tante breached his fiduciary obligation to her. *Tante v. Herring*, 264 Ga. 694, 695, n. 4 (453 SE2d 686) (1994).

In *In the Matter of Lewis*, 262 Ga. 37 (415 SE2d 173) (1992), we admonished lawyers against entering into extramarital relationships with clients in divorce and custody actions. "Every lawyer must know that an extramarital relationship can jeopardize every aspect of a client's matrimonial case — extending to forfeiture of alimony, loss of custody, and denial of attorney's fees." Id. at 38. Similarly, every lawyer must know that a sexual relationship with an emotionally or mentally impaired client is an abuse of the attorney-client relationship. "[T]he more vulnerable the client, the heavier the obligation of the lawyer to avoid engaging in any relationship other than that of attorney-client." ABA Formal Advisory Opinion 92-364 (July 6, 1992).

Because Tante harmed his client by taking advantage of her confidences and secrets, he is suspended for 18 months from the practice of law. We remind him of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, take all actions necessary to protect their interests, and certify to this court that he has satisfied the rule's requirements.

*Suspended. All the Justices concur. Hunstein, J., disqualified.*

DECIDED NOVEMBER 7, 1994 —
RECONSIDERATION DENIED DECEMBER 2, 1994.

*William P. Smith III, General Counsel State Bar, Bridget B.*

---

[1] Thus, unlike his civil case in which he failed to controvert Herring's allegations that he took advantage of confidential information about her impaired condition, Tante challenged the State Bar's claim that he violated Standard 28. See *Tante v. Herring*, 264 Ga. 694, 695, n. 6 (453 SE2d 686) (1994).

[2] Attorneys who engage in sexual relationships with clients may encounter problems relying on client consent as a defense in a disciplinary action. See *In the Matter of Lewis*, 262 Ga. 37, 38 n. 1 (415 SE2d 173) (1992); see also ABA Formal Advisory Opinion 92-364 (July 6, 1992). ("In many cases, the client's ability to give meaningful consent is vitiated by the lawyer's potential undue influence or the emotional vulnerability of the client.")

Bagley, *Deputy General Counsel State Bar*, for State Bar of Georgia.
*Denney, Pease, Allison, Kirk & Lomax, John W. Denney,* for Tante.