S95Y0710. IN THE MATTER OF JAMES W. LEWIS.
(463 SE2d 862)

PER CURIAM.

The State Bar of Georgia filed a complaint against James W. Lewis alleging that he violated five standards of Bar Rule 4-102 (d) when he settled a client's personal injury claim. The review panel of the state disciplinary board agreed with the special master that Lewis violated Standard 45 (f) by settling his client's lawsuit without consulting her about the settlement offer. Because we agree that Lewis settled his client's claim without proper authority, we accept the review panel's recommendation and suspend Lewis from the practice of law for 18 months.

Peggy Uselton hired Lewis to represent her in a personal injury claim against DeKalb County. She signed a 40 percent contingent fee contract that Lewis drafted which stated:

> The undersigned client further agrees that the said James W. Lewis shall have full power and authority to settle, compromise, or take such action as he might deem proper for the best interest of the client, and the client does hereby appoint the said James W. Lewis as attorney in fact, with full power to execute any and all instruments and documents in behalf of or in the name of said client, which are necessary to settle or make other disposition of said matter, including endorsement of checks or drafts received as proceeds of recovery.

At the disciplinary hearing before the special master, Lewis testified that he never informed his client about a specific offer of settlement before settling the claim for $22,500. Uselton repudiated the settle-

ment, discharged Lewis, and filed a complaint with the State Bar. After an evidentiary hearing, the special master concluded that Lewis violated Standard 31 (c) in construing his contract to give him a proprietary interest in his client's claim and Standard 45 (f) in settling the case without consulting his client or obtaining her authority to settle. Disagreeing with the special master, the review panel concluded that Lewis's conduct violated only Standard 45 (f) and recommended an 18-month suspension to run consecutive to his present suspension.[1]

In a related action, the trial court enforced the settlement agreement against both Peggy and Lloyd Uselton, on whose behalf Lewis had filed a loss of consortium claim. Lewis then sued them for attorney fees based on his employment contract. The trial court denied Lewis summary judgment, and the Court of Appeals affirmed.[2] The appellate court concluded that Lewis's contract did not give him a 40 percent partnership interest in the settlement or grant him special authority to accept a specific settlement without his clients' approval.

1. State statutes prevent an attorney from settling a client's claim without special authority.[3] The Court of Appeals has interpreted the "special authority" required by statute to mean the "proper authorization" required under disciplinary rules.[4] Although a third party may enforce a settlement agreement that an attorney made without proper authority, that enforcement does not determine whether the attorney has violated the disciplinary rules of the State Bar.[5]

2. Standard 45 states: "In representation of a client, a lawyer shall not . . . (f) institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client." As part of the Supreme Court's duty to regulate the practice of law in the public's interest, we interpret Standard 45 as precluding Lewis from settling Uselton's claim without consulting her about the $22,500 settlement offer and obtaining her consent to accept it. A client who enters into a contingent fee contract with an attorney cannot relinquish the right to decide whether to accept a settlement offer. To allow a client to waive that right by general contract creates a conflict of interest that violates an attorney's fiduciary obligations to a client.[6] It also engenders a situation that violates public policy as established in Standard 31.[7]

---

[1] *In the Matter of James Woodrow Lewis*, 262 Ga. 37 (415 SE2d 173) (1992).

[2] *Lewis v. Uselton*, 202 Ga. App. 875 (416 SE2d 94) (1992).

[3] See OCGA §§ 15-19-5; 15-19-6.

[4] See *Lewis v. Uselton*, 202 Ga. App. at 880.

[5] See *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 675 (308 SE2d 544) (1983).

[6] See *AFLAC, Inc. v. Williams*, 264 Ga. 351 (444 SE2d 314) (1994).

[7] Both Directory Rule 5-103 (A) and Standard 31 (c) prohibit a lawyer from acquiring a proprietary interest in the cause of action or subject matter of litigation that the lawyer

We, therefore, reject Lewis' contention that the contract gave him full authority to settle the case without consulting his client. If we were to accept his argument, then he would have obtained a proprietary interest for which he may be disciplined under Standard 31. Instead, we conclude that Lewis violated his duty to consult with his client prior to accepting the county's settlement offer and his misconduct harmed his client. As a result, he is suspended from the practice of law for 18 additional months.

*Suspended. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.

I respectfully dissent. Standard 45 (f) prohibits an attorney from settling a legal proceeding or claim without first obtaining proper authorization from his client. The contract executed between Uselton and Lewis granted the latter "full power and authority to settle, compromise, or take such action as he might deem proper for the best interest of [Uselton]," including "full power to execute any and all instruments and documents . . . necessary to settle or make other disposition of [Uselton's grievance]." Accordingly, Lewis complied with the plain language of Standard 45 (f) by obtaining Uselton's authorization to settle her claims prior to reaching the settlement agreement with the county.

For the first time, the majority interprets Standard 45 (f) in a manner which precluded Lewis from settling Uselton's claim without consulting with her about the particular settlement offer and obtaining her consent to accept it, despite the prior agreement reached between Uselton and Lewis. The majority rules that a client who enters a contingency agreement may not also grant his attorney blanket authority to arrange a settlement. From a public policy perspective, I do not disagree with this new interpretation of Standard 45 (f). However, because Standard 45 (f) has never before been interpreted in this manner, and because Lewis's settlement of the claim complied with the plain language of Standard 45 (f), Lewis was not afforded prior notice that his actions violated his fiduciary obligations.[8] Therefore, I would not apply this new interpretation retroactively, and would impose no discipline.

---

conducts for the client, except a lawyer may contract with the client for a reasonable contingent fee in a civil matter and acquire lien rights to secure a fee or expense.

[8] See, e.g., *Carsello v. State*, 220 Ga. 90, 92 (137 SE2d 305) (1964).

Decided November 13, 1995 —
Reconsideration denied December 14, 1995.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel State Bar,* for State Bar of Georgia.
*E. Christopher Harvey, Jr.,* for Lewis.

