A96A1783. LEWIS v. USELTON et al.

(480 SE2d 856)

Judge Harold R. Banke.

Peggy J. Uselton and Lloyd W. Uselton, Sr. (collectively "Uselton") retained attorney James W. Lewis to pursue a personal injury action against DeKalb County ("County"). Peggy Uselton was injured in a collision with a County sanitation truck operated by Jerry Luke, when the truck turned suddenly into her vehicle's path. Lewis, acting on his own accord and in violation of Uselton's specific instructions, settled Uselton's lawsuit with the County's liability insurance carrier for $22,500. Uselton repudiated the settlement and discharged Lewis.

After Lewis filed suit against Uselton seeking $9,000 in unpaid attorney fees pursuant to a 40 percent contingency fee agreement, Uselton counterclaimed for legal malpractice. We affirmed the trial court's denial of Lewis' motion for summary judgment on his claim for attorney fees. *Lewis v. Uselton*, 202 Ga. App. 875 (416 SE2d 94) (1992). We also determined that Lewis' assertion of proprietary rights in Uselton's claim was strictly forbidden by the Ethical Regulations of the State Bar Standard 31 and DR 5-103 (A) (2). *Lewis*, 202 Ga. App. at 881 (5).[1]

Thereafter, a jury tried the case in trifurcated form. In the first part, the jury determined the issue of the County's liability and the nature and extent of Peggy Uselton's injuries. The jury returned a verdict for special and general damages of $51,899.58, later reduced

---

[1] The Georgia Supreme Court suspended Lewis from the practice of law for 18 months based on his conduct in settling Uselton's claims without authority to do so. *In the Matter of James W. Lewis*, 266 Ga. 61 (463 SE2d 862) (1995).

by a $5,000 PIP set-off. In the second part, the trial court granted Uselton's motion for directed verdict finding that Lewis committed legal malpractice. In the third phase, the jury awarded attorney fees and litigation expenses to Uselton but found in favor of Lewis on the issue of punitive damages. After awarding credit for all set-offs and reductions, the trial court entered judgment for $34,846.36.[2] On appeal, Lewis enumerates 11 errors. *Held*:

1. The trial court did not err by denying a directed verdict to Lewis based on Usleton's purported failure to prove the liability of the County under respondeat superior. Lewis claims that no probative evidence was offered that the County owned the truck or that it was being driven by Jerry Luke or that Luke was a County employee.

A directed verdict is authorized only when there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable deductions demands a particular verdict. OCGA § 9-11-50 (a); *Carden v. Burckhalter*, 214 Ga. App. 487, 488 (1) (448 SE2d 251) (1994). A directed verdict cannot be granted if there is any evidence to support a contrary verdict. Id. at 489 (1).

Here, the trial court properly denied Lewis' motion because the evidence did not demand it and, in fact, supported a contrary result. Peggy Uselton testified that the vehicle with which she collided was a County sanitation vehicle driven by Jerry Luke. Exhibit 16, a City of Chamblee traffic citation issued to Luke for failing to yield, indicates that at the time of the collision, Luke was operating a government-owned, 1987 front-end loader. The unrefuted evidence offered by Uselton did not demand a directed verdict in favor of Lewis. *Carden*, 214 Ga. App. at 488-489.

2. The trial court properly denied Lewis' motion for a directed verdict on the ground that Uselton failed to prove the County waived its sovereign immunity. By purchasing a motor vehicle liability insurance policy, the County waived its governmental immunity to the extent of the amount of insurance so purchased, and the County was foreclosed from asserting governmental immunity as a defense. OCGA § 33-24-51 (b).

In any event, any controversy regarding the existence and amount of the County's insurance policy was resolved in *Lewis v. Uselton*, 202 Ga. App. at 881. These facts served as the foundation for this Court's determination that Lewis breached his ethical duty to Uselton by settling the claim for less than the County's $50,000 policy limit without his clients' consent.[3]

---

[2] The $57,346.36 total included $46,899.58 plus $2,446.78 in litigation expenses and $8,000 in attorney fees. The trial court reduced the total by the $22,500 Uselton received in settlement.

[3] "Appellees plainly instructed their attorney [Lewis] that they would settle for no less

3. The trial court did not err in denying Lewis' second motion for summary judgment as amended. The verdict and judgment rendered Lewis' motion moot. *Atlanta Car for Hire Assoc. v. Whited*, 179 Ga. App. 893, 894 (1) (348 SE2d 102) (1986).

4. Lewis alleges that he was prejudiced by the failure of the trial court to issue a timely order in response to his motion for a pretrial order. Pretermitting whether the trial court failed to timely rule on Lewis' motion, in order to obtain the reversal of the judgment herein, Lewis must prove both harm and error. *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (6) (290 SE2d 328) (1982).

The trial court conducted a pretrial conference, devoted hours to resolving complex pretrial matters including more than two dozen motions, and then issued a twelve-page order. The only specific harm Lewis alleges is that he did not have enough time to retain an expert after the trial court ruled that Lewis could not act as an expert witness due to his suspension from the practice of law.[4] This argument is purely speculative. Even assuming arguendo that the trial court somehow erred, Lewis has failed to prove the requisite harm. See id.

5. Lewis claims that the trial court erred in denying his motion in limine to exclude evidence that he would be required to pay any judgment obtained against the County by reason of the malpractice claim. A client may recover for legal malpractice only if the negligence of the attorney proximately caused damage to the client. *Crowley v. Trust Co. Bank &c.*, 219 Ga. App. 531, 532 (466 SE2d 24) (1995). To establish damages, Uselton had the burden of proving that a judgment would have been obtained in her favor. *Young v. Jones*, 149 Ga. App. 819, 823 (2) (256 SE2d 58) (1979). To frame the issues for the jury, the trial court explained, "The first issue that you, the jury, must take up in any malpractice claim, legal malpractice claim, is to decide first what the underlying case, in other words, was worth. So what you would have to determine first is what would have been the decision in the underlying case." This instruction did not prejudice Lewis, as the jury could have freely decided the underlying case was worth nothing. See id.

6. The trial court properly denied Lewis' motions to admit evidence of collateral source payments of lost wages and medical expenses to Uselton. The collateral source rule barred the admission of such evidence. *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991). Although OCGA § 51-12-1 (b) which permit-

---

than $50,000[ the limit of the County's liability policy]; thus, he [Lewis] had 'full' authority to enter a settlement for the amount of $50,000." *Lewis*, 202 Ga. App. at 879 (2).

[4] Lewis had been suspended for three years from the practice of law for engaging in sexual relations with a client. *In the Matter of James Woodrow Lewis*, 262 Ga. 37 (415 SE2d 173) (1992).

ted collateral source evidence was in effect at the time of the accident, by the time of trial, the Supreme Court had determined that Code section was unconstitutional and void pursuant to Ga. Const., Art. I, Sec. I, Par. II. See id. at 46. Generally, an unconstitutional statute is wholly void and of no force and effect from the date it was enacted. *Strickland v. Newton County*, 244 Ga. 54, 55 (1) (258 SE2d 132) (1979).

7. Lewis contends that the trial court erred in admitting Luke's guilty plea and also maintains the traffic ticket incorrectly cited OCGA § 40-6-71 instead of OCGA § 40-6-21. See *Corley v. Harris*, 171 Ga. App. 688, 689 (3) (320 SE2d 833) (1984). In a civil action for damages arising from a motor vehicular collision, a plea of guilty to a traffic violation is admissible as an admission against interest. *Hunter v. Hardnett*, 199 Ga. App. 443 (1) (405 SE2d 286) (1991). Luke's guilty plea to "failing to yield, left turn" was admissible for that reason. See id. The inaccuracy in the Code section cited would go to the weight given to the exhibit not its admissibility. See *Locklear v. Morgan*, 129 Ga. App. 763, 767 (6) (201 SE2d 163) (1973).

8. Lewis claims that the trial court erred in admitting Uselton's Exhibit 24, a group of documents evidencing medical bills, prescription and parking receipts. The admission of evidence is a matter resting largely within the sound discretion of the trial court, and appellate courts will not interfere absent an abuse of discretion. *Brannen v. Prince*, 204 Ga. App. 866, 870 (4) (421 SE2d 76) (1992).

Lewis objected to the exhibit contending that it included photocopies and not originals, some dates were missing on some documents, and some medical bills referred to the treatment or diagnosis of an unrelated condition. Pursuant to Lewis' objections, the trial court authorized extensive redaction of the documents. Copies of medical bills are admissible under OCGA § 24-5-26. Summarized statements of what records show are admissible if the records themselves are accessible to the court and the parties.[5] *Morris v. Nat. Western Life Ins. Co.*, 208 Ga. App. 443, 444 (1) (c) (430 SE2d 813) (1993). Having reviewed the evidence, we are unable to find an abuse of discretion.

9. The trial court did not err in directing a verdict on the issue of malpractice or in refusing to allow evidence in mitigation. As the court noted, its decision was based on "the evidence, testimony, argument, the entire record, and . . . the holdings in *In Re Lewis*, 266 Ga. 61 and *Lewis v. Uselton*, 202 Ga. App. 875." The fact that Lewis' own

---

[5] Uselton's counsel apprised the court of a problem concerning the presentation of original invoices and documents. Counsel stated that Lewis retained the original file material after being fired by Uselton. Counsel noted that another judge ordered Lewis to permit photocopying of the original file but that custody of the originals remained with Lewis.

expert, Robert W. Raleigh, Esquire, testified on deposition that Lewis' actions in handling Uselton's case constituted legal malpractice supports the court's determination. We are not able to conclude that the evidence supported a contrary result. *Carden*, 214 Ga. App. at 489 (1); OCGA § 9-11-50 (a).

10. The trial court did not err in using a special verdict form which in the case caption deleted any reference to the County as defendant and correctly identified Lewis as the defendant in counterclaim. Lewis claims the judgment must be reversed because the body of the verdict form refers to "James W. Lewis as stand-in for DeKalb County, Georgia." Submission of a special verdict form is a matter within the trial court's discretion and absent an abuse of discretion, the court's choice will not be overturned. *News Publishing Co. v. DeBerry*, 171 Ga. App. 787, 790 (3) (321 SE2d 112) (1984). Based on the record before us, we are not able to find an abuse of discretion.

11. Although the trial court did not err in entering judgment against Lewis for an amount exceeding $4,500, the maximum amount he contends the judgment could have been, it erred in calculating the final total. Where the alleged malpractice is loss of a claim, the former client's recovery against the former attorney is limited by the amount that would have been recovered from the defendant. *Ware v. Durham*, 246 Ga. 84 (1) (268 SE2d 668) (1980). Thus, the maximum amount recoverable was the $50,000 insurance policy limit. See id. The jury's verdict of $51,899.58 had to be reduced to $50,000 before set-offs were made. The correct amount of the judgment is $32,946.78, calculated as $50,000 less the $5,000 PIP set-off and less the $22,500 settlement with the County, plus $8,000 in attorney fees and plus $2,446.78 in litigation expenses.

Contrary to his assertion, Lewis was not entitled to a set-off of 40 percent for attorney fees. Where an attorney violates his client's instructions, he forfeits all right to compensation. *Lewis*, 202 Ga. App. at 876.

Accordingly, the judgment is reversed only as to the net amount of the award. The 12 percent interest accruing from the date of the judgment must be calculated on $32,946.78 and not on $34,846.36.

*Judgment reversed in part and remanded with direction. Andrews, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 14, 1997 —
RECONSIDERATION DENIED JANUARY 31, 1997 — ▮

*George R. Dean*, for appellant.
*Hughes & Gibson, Ralph E. Hughes*, for appellees.