## A97A0787. QUALITY CONTROL ELECTRIC, INC.
## v. ELECTRONIC SECURITY SERVICES COMPANY, L.P.
## d/b/a UNITED ALARM SYSTEMS.

(484 SE2d 696)

ELDRIDGE, Judge.

Appellant Quality Control Electric ("Quality Control") was an electrical subcontractor for the construction of a Hampton Inn hotel in Brunswick, Georgia in October 1991. Appellant had contracted to install a fire alarm system, and purchased most of the materials from appellee, United Alarm Systems ("United Alarm"). According to the purchase order for the alarm system, appellee was "to furnish the fire alarm equipment, final hook-up supervision; all testing, training and instructions, and final certification for the Hampton Inn in Brunswick." The terms and conditions of the purchase order provided that the materials would be "fit and sufficient for the purpose intended, merchantable, of good material and workmanship and free from defect."

Following appellant's installation of the system in October 1991, appellee certified that the system was properly installed. The system worked properly for approximately three months, but then began to malfunction by activating randomly. Appellee suggested that appellant replace the wiring, which was done; the problem persisted. In March 1992, appellant contacted the manufacturer of the alarm's strobe units; the manufacturer replaced the strobes, but the system continued to malfunction. Finally, it was discovered that water was leaking into the system, possibly because waterproof back plates had not been installed in the units that were mounted outside. After the strobe units were replaced with units that had waterproof back plates, the system's problems ceased.

Appellant filed suit against appellee for breach of contract and breach of warranty in September 1994, asserting that appellee provided defective strobe units and seeking recovery for the costs involved in replacing the wiring and in attempting to repair the system. A jury trial commenced on May 15, 1996; however, appellee moved for a directed verdict following the close of appellant's case, and the trial court granted the motion. Appellant's motion for a new trial was denied, and this appeal was timely filed. Appellee filed a motion to dismiss the appeal on September 16, 1996, claiming that appellant was not the real party in interest. The trial court denied the motion on October 17, 1996. *Held*:

1. In the first enumeration of error, appellant asserts that the trial court erred by granting a directed verdict for the appellee on the issue of whether the strobes were defective. A motion for directed verdict should be granted only when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all

reasonable deductions therefrom, [demands] a particular verdict." OCGA § 9-11-50 (a). All evidence must be construed most favorably to the non-movant. *Bruno v. Evans*, 200 Ga. App. 437, 439 (408 SE2d 458) (1991); *Folsom v. Vangilder*, 159 Ga. App. 844 (285 SE2d 583) (1981). Before the trial court can direct a verdict for the movant, "he must find from the evidence that there is *no evidence of any kind* supporting [the non-movant's] position." (Citations and punctuation omitted; emphasis in original.) *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118, 119 (2) (270 SE2d 471) (1980).

In the case sub judice, the appellant presented evidence of repeated failures of the strobe units and the subsequent replacement of the strobes by the manufacturer. Appellant asserts that this evidence proves that the equipment was defective. However, appellant's witnesses testified that the strobe units worked properly when installed and for approximately three months afterward; they also testified that the reason the units had to be replaced was because of moisture damage during the months following installation. No evidence was presented to prove that some defect in the strobe unit allowed water to seep in and corrode the wiring; instead, the witnesses opined that the damage probably resulted from the failure to install the outside units with waterproof back boxes. This evidence directly contradicts appellant's assertion that the units were defective; such contradiction must be construed against appellant. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986); *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 602 (431 SE2d 383) (1993); *Marett v. Professional Ins. Carriers*, 201 Ga. App. 178 (410 SE2d 373) (1991). Further, there is direct, undisputed evidence that the manufacturer and appellee honored the equipment warranty by replacing the strobe units. Since appellant's evidence does not support his breach of warranty claim, appellee was entitled to a directed verdict on that issue.

2. In the second enumeration of error, appellant asserts that the trial court erred by not allowing the jury to consider the issue of whether or not the appellee breached its duty to appellant by incorrectly certifying that the alarm system had been installed properly.[1]

According to the equipment purchase order, which constituted a contract between appellant and appellee, appellee was responsible for certifying that the alarm system was properly installed. Appel-

---

[1] Although appellee correctly notes that appellant's assertion regarding the failure to certify the system was not made and considered by the trial court, it is clear from the appellant's brief that the substance of the instant enumeration of error actually involves appellee's failure to discover problems with appellant's system and the appellee's subsequent improper certification of the installation of the system, which contentions were raised and considered by the court below.

lant ordered horn strobe units on the advice of the appellee; appellant did not order the optional weatherproof box. However, the manufacturer's equipment specifications for the horn strobe unit at issue in this case clearly requires that, if a unit is to be mounted outside, it should be mounted to a weatherproof back box. After appellant installed the units outside without the weatherproof box, appellee certified that the equipment was properly installed, even though such installation was counter to the manufacturer's specifications. Such improper certification raises a factual issue as to whether appellee breached the contract with appellant. Under the circumstances, the trial court erred in directing a verdict for appellee on the appellant's breach of contract claim.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 10, 1997 —
RECONSIDERATION DENIED MARCH 24, 1997 — 

*Bouhan, Williams & Levy, Wilbur D. Owens III, Carlton E. Joyce,* for appellant.
*Jones, Boykin & Associates, Charles W. Snyder,* for appellee.