A11A2297. GOVERNMENT EMPLOYEES INSURANCE
COMPANY v. KRALICK et al.
A11A2298. MASON et al. v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY.

(722 SE2d 107)

McFADDEN, Judge.

These appeals arise from a declaratory judgment action brought by Government Employees Insurance Company (GEICO) against several defendants to determine accident coverage under automobile and umbrella insurance policies. In Case No. A11A2297, GEICO appeals, challenging the trial court's grant of a motion in limine. And in Case No. A11A2298, several defendants appeal, challenging a directed verdict as to the umbrella policy. Because GEICO has failed to show that the trial court abused its discretion in excluding references to irrelevant evidence and the defendants have failed to show that there is a conflict in the evidence, we affirm the judgment of the trial court in both cases.

On August 27, 2005, Werner Kralick purchased a Yamaha 450 all-terrain vehicle (ATV). Approximately two weeks later, on Septem-

ber 10, 2005, Kralick's daughter, Sarah Kralick, and her friend, Amy Stowers, were involved in an accident while riding the ATV. At the time of the accident, Kralick had a homeowners insurance policy with Allstate Insurance Company, and an automobile insurance policy and an umbrella policy with GEICO.

Allstate filed a petition for declaratory judgment against GEICO, the Kralicks, Stowers and her parents, Brick and Pam Mason. GEICO filed a cross-claim for declaratory judgment. Both Allstate and GEICO moved for summary judgment on the grounds that their respective policies did not cover the accident. Allstate was dismissed from the action after the trial court granted its motion, and that summary judgment ruling was affirmed on appeal. *Mason v. Allstate Ins. Co.*, 298 Ga. App. 308 (680 SE2d 168) (2009). But the trial court denied summary judgment to GEICO, and it was substituted as the only remaining plaintiff in the consolidated pre-trial order.

Prior to trial, the Masons and Stowers (collectively, "the Masons") filed a motion in limine, seeking to prohibit any reference by GEICO to Kralick's failure to add the ATV to the automobile insurance policy because the accident occurred during a 30-day automatic coverage period after the ATV had been purchased. The trial court granted the motion in limine, and the case proceeded to trial before a jury. At the close of the evidence, GEICO moved for a directed verdict as to the umbrella policy based on the policy's exclusion of coverage for motorized vehicles designed principally for off-road use. The trial court granted the motion, directing a verdict in favor of GEICO as to the umbrella policy. As to the automobile insurance policy, the jury returned a verdict finding that the accident was covered under that policy, and the trial court ordered that the verdict be entered as the final judgment of the court.

### Case No. A11A2297

1. GEICO claims that the trial court erred in granting the motion in limine to prohibit any references to Kralick's failure to add the ATV to his automobile insurance policy. We disagree.

The purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case. *Dept. of Transp. v. Taylor*, 264 Ga. 18, 21 (3) (c), n. 2 (440 SE2d 652) (1994). "We review a trial court's ruling on a motion in limine for abuse of discretion. A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." (Citation and punctuation omitted.) *Hankla v. Jackson*, 305 Ga. App. 391, 392 (1) (699 SE2d 610) (2010).

In this case, the automobile insurance policy contained the following provision: "[W]e insure all private passenger, farm and utility autos owned or leased by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later." With regard to such "automatic insurance" clauses, this court has previously adopted the general rule that coverage of newly acquired vehicles "is effective automatically during the notice period irrespective of whether notice of acquisition is given." *Ga. Mut. Ins. Co. v. Criterion Ins. Co.*, 131 Ga. App. 339, 340 (1) (a) (206 SE2d 88) (1974).

> The "automatic insurance" clause in standard automobile liability policies is intended to meet the necessity for maintaining coverage in the situation resulting from the recognized custom among insured owners of acquiring other [vehicles] by replacement and new purchases during the life of their policies. Where the "automatic insurance" clause requires notice of the acquisition of a new [vehicle] to be given the insurer within a specified time after delivery, a failure to give notice prior to an accident occurring *after* the expiration of the designated period precludes coverage of the new [vehicle]. However, where the accident takes place *within* the notice period but before any notice has been given, it is generally held that the requirement of notice is a condition subsequent rather than a condition precedent and that such coverage is automatically effected upon delivery of the new [vehicle] and remains in effect until the end of the specified period, irrespective of whether notice has been given.

(Citation and punctuation omitted; emphasis in original.) Id.

Here, it is undisputed that the accident occurred approximately two weeks after Kralick had acquired the ATV. Consequently, the accident took place within the 30-day notice period set forth in the automatic insurance clause. And the trial court was correct in ruling that notice of the new acquisition was unnecessary to effectuate coverage of the vehicle since coverage was automatic during that time period. See *Ga. Mut. Ins. Co.*, supra at 341 (1) (a). Because Kralick's failure to add the ATV to the policy had no bearing on the issue of coverage, the trial court did not abuse its discretion in granting the motion in limine to prohibit references to such an irrelevant and potentially prejudicial matter. Compare generally *Early County v. Fincher*, 184 Ga. App. 47, 48 (1) (360 SE2d 602) (1987) (trial court erred in denying motion in limine to exclude irrelevant evidence of an insurance policy).

## Case No. A11A2298

2. The Masons and Stowers contend that the trial court erred in directing a verdict in favor of GEICO as to the umbrella policy. The contention is without merit.

A directed verdict is authorized if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a). "The appellate review of directed verdicts is based upon the 'any evidence' rule to support the case of the nonmoving party; when there is 'any evidence,' a directed verdict must be reversed." (Citation and punctuation omitted.) *Teklewold v. Taylor*, 271 Ga. App. 664, 665 (610 SE2d 617) (2005).

In this case, the umbrella policy contains an amendment which excludes from coverage "[t]he maintenance or use of any motorized vehicle that is designed for use principally off public roads that is not registered for use on public roads." The Masons and Stowers do not contend that the ATV was not such an off-road vehicle, but argue that a directed verdict based on this exclusion was improper because there is a conflict in the evidence as to whether this exclusion was delivered to Kralick. In support of this argument, they rely on Kralick's testimony, in response to questions from his attorney, that he could not say if he had read the version of the umbrella policy in effect at the time because he did not even know if he had gotten it or not.

Even if, as the appellants suggest, Kralick's claim that he did not know if he had gotten the policy can be construed as affirmative evidence that he had not in fact received it, that testimony is in direct conflict with Kralick's previous testimony on cross-examination. During that testimony, Kralick was shown the umbrella policy and he acknowledged that it bore his correct address and was in effect at the time of the accident. The umbrella policy, including the exclusion in question, was then admitted into evidence without objection. Kralick testified that when he gets such a policy he also gets the bill for it, that he got the $441 bill for the umbrella policy in this case, and that he paid that bill. When asked if in exchange for that payment he expected to get the coverage as defined by the policy, he testified: "I expected to get what I had an understanding with GEICO, with the policy, yes." Kralick was then asked if he had read the umbrella policy, and he testified: "I scanned through it, as I said." When asked if he had read the exclusions, Kralick testified: "Again, we're looking at page upon page, so I scanned it. If I said I understood all of it, I'd be lying." He then testified once again that he had scanned the policy. When specifically asked if he had read the exclusion pertaining to off-road vehicles, he responded: "I probably

missed it." And when asked if that exclusion was part of the policy for which he had paid $441, he testified: "Again, it's on the last page, yes."

> The rule in Georgia is that the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal. Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover or of his defense, the opposing party is entitled to a directed verdict.

(Citations and punctuation omitted.) *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). Here, Kralick's testimony that he could not say if he had read the policy because he did not know if he had received it contradicted his earlier testimony, repeated several times, that he had actually scanned the policy. Construing the testimony most strongly against the equivocating party, it shows that Kralick received the umbrella policy with the $441 bill, he paid the bill for that policy, he looked over the policy and exclusions, but he may have failed to read the exclusion pertaining to off-road vehicles. Of course, an insured has an obligation to read and examine an insurance policy, and the failure to do so cannot be relied upon to create a conflict in the evidence. *See MacIntyre &c. v. Rich*, 267 Ga. App. 78, 79-82 (1) (599 SE2d 15) (2004). Because there is no conflict in the evidence as to the issue of the insured's receipt of the policy, the trial court did not err in directing a verdict. See *Quality Control Elec. v. Electronic Security Svcs. Co.*, 225 Ga. App. 671, 672 (1) (484 SE2d 696) (1997).

*Judgments affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 2012.

*Cruser & Mitchell, Joseph R. Cruser, Raymond R. Grant II*, for appellant.

*Smith, Welch, Webb & White, John P. Webb, Andrew J. Gebhardt, Beck, Owen & Murray, Charles D. Jones*, for appellees.